[No. 6683–1. Division One. September 4, 1979.]

DAVID RAYMOND, *Appellant,* v. DENNIS G. FLEMING, ET AL, *Respondents.*

*K. R. St. Clair,* for appellant.

*Madden & Poliak* and *William J. Madden,* for respondents.

WILLIAMS, J.—This action was brought in Whatcom County Superior Court by David Raymond against Dennis G. Fleming and wife, M. E. Wilson, and others to recover damages for personal injuries which he sustained in an automobile accident. After considerable delay, the defendants moved to dismiss the complaint because of insufficient service of process. The court granted the motion and Raymond appeals. We reverse.

The facts as stated in the complaint are that on December 15, 1974, Raymond was injured when an automobile in which he was a passenger was struck by an automobile owned by Wilson and driven by Fleming. Because

both Wilson and Fleming were residents of British Columbia, Canada, Raymond attempted service upon the Secretary of State pursuant to RCW 46.64.040. Their insurance carrier, Insurance Corporation of British Columbia, handed the defense of the case to an attorney in Bellingham who filed a notice of appearance on May 31, 1977. Thereafter, Raymond's counsel repeatedly asked for an answer to the complaint, which requests were not acceded to, and defense counsel just as repeatedly asked Raymond's counsel for additional time to file an answer, which requests were acceded to. On January 23, 1978, Raymond moved for an order of default or in the alternative for a trial assignment and for an order compelling answers to interrogatories which he had served on defense counsel on October 5, 1977. Defense counsel again asked for more time and Raymond agreed to a continuance until February 24, 1978. Upon motion of defense counsel, the hearing was continued for a second time until March 10, 1978.

Prior to the hearing on Raymond's motion, a firm of Seattle attorneys was substituted as defense counsel, and on March 3, 1978, moved for an order of dismissal because "no proper service of process has been made upon the defendants . . ." This motion was heard on April 21, 1978, and granted. On appeal, counsel agreed that the service of process in British Columbia was invalid and that the statute of limitation, RCW 4.16.080, bars successful reinstitution of the action.

Raymond contends that defense counsel effectively waived any defects in the service of process and argues that the defendants should be estopped from asserting that defense. We agree.

 The defense of insufficient service of process must be affirmatively pleaded in the answer pursuant to CR 8 or included in a motion made pursuant to CR 12(b)(5). CR

12(h); *Matthies v. Knodel,* 19 Wn. App. 1, 573 P.2d 1332 (1977); 3A L. Orland, Wash. Prac. 24 (1968). A defendant's conduct through his counsel, however, may be "sufficiently dilatory or inconsistent with the later assertion of one of these defenses to justify declaring a waiver." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1344, at 526 (1969). *Matthies v. Knodel, supra.* Defense counsel's repeatedly requesting more time, his not responding to the interrogatories, and his obtaining two orders of continuance were both dilatory and inconsistent with the later assertion of the defense of insufficient service of process. Unlike the situation in *Matthies v. Knodel, supra,* there is no evidence that the additional time requested and allowed was to determine whether a defense existed. The first defense counsel's actions under these particular circumstances constituted a waiver of any defect in the service of process.

■ The defendants are also estopped. Equitable estoppel

> requires an admission, statement, or act, inconsistent with the claim afterwards asserted; action by the other party on the faith of such admission, statement, or act; and injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act.

*Arbogast v. Westport,* 18 Wn. App. 4, 7, 567 P.2d 244 (1977). This formula fits the situation presented in that the first defense counsel's repeated requests for additional time both to counsel and the court were completely inconsistent with the later claim that the court had no jurisdiction. Raymond's inaction with respect to jurisdiction over the defendants was on the faith of these actions. If the unfair tactical advantage demonstrated in the circumstances is permitted, Raymond will be denied a forum for his grievances. *Tresway Aero, Inc. v. Superior Court,* 5 Cal. 3d 431, 487 P.2d 1211, 96 Cal. Rptr. 571 (1971).

Reversed and remanded for trial.

FARRIS and RINGOLD, JJ., concur.

Reconsideration denied October 25, 1979.

Review denied by Supreme Court January 11, 1980.