[No. 57117–1. En Banc. March 28, 1991.]

JACK W. FRENCH, *Petitioner,* v. SANDRA K. GABRIEL, ET AL, *Respondents.*

586

*Barry E. Ryan*, for petitioner.

*Lukins & Annis, P.S.*, by *H.E. Stiles II* and *Erika Balazs*, for respondents.

DURHAM, J.—Jack W. French brought an attorney malpractice action against Sandra Gabriel, Jeff Morris, and Jeff A. Morris, P.S., a professional service corporation (the corporation). The trial court entered judgment for French and awarded damages and prejudgment interest. The Court of Appeals reversed, holding that the trial court lacked personal jurisdiction over the defendants as individuals because service of process was insufficient, that the defense of insufficient service of process had not been waived, and that the trial court erred in holding the corporation liable for torts committed by Morris and Gabriel[1] before the corporation was formed. We affirm.

In 1981, French entered into an agreement to sell his beauty school to three investors. The parties contacted Jeff Morris to prepare the legal papers. However, the actual work was done by Morris's associate, Sandra Gabriel. The agreement of sale, which was signed on March 9, 1981, contained no security interest for French in the event of default. At the time the agreement was drafted, Morris was a sole proprietor. He did not incorporate his practice until August 1982.

---

[1] Except where necessary for clarity, "Morris" will be used to refer to both Morris and Gabriel.

In March 1983, the investors defaulted on the contract. In September 1984, they filed bankruptcy and French learned for the first time that he was an unsecured creditor.

In January 1986, French filed a malpractice action against Gabriel alleging negligence and a violation of the Consumer Protection Act (CPA), RCW 19.86. The complaint was amended in February to include Morris and the corporation as defendants. Neither Morris nor Gabriel were personally served. The affidavits of service indicate that Gabriel was served by leaving a copy with "[h]er personal secretary" and Morris was served by leaving a copy with "Bobbie, Secretary to Jeff A. Morris".

On February 28, 1986, Morris filed a notice of appearance. On August 15, 1986, he filed an answer in which he raised a number of affirmative defenses, including insufficient service of process. On August 26, 1986, French noted the case for trial and requested a November trial date. Morris objected to setting a trial date because the parties had not yet commenced discovery. The trial date was stricken and the case continued. On June 9, 1987, French filed a second amended complaint. Morris answered the second amended complaint on July 9, 1987, and continued to raise the affirmative defenses, including insufficient service of process. French made no attempt to serve Morris again.

In October 1987, French moved for partial summary judgment on the issues of liability and his claim under the CPA. In his memorandum in opposition to French's motion for summary judgment, Morris asserted that the CPA did not apply to French's claim and, even if it did, issues of material fact precluded summary judgment in favor of French. To the contrary, Morris asserted that summary judgment in his favor was appropriate. The court denied French's motion and dismissed the CPA claim, concluding that it had "no application to the allegations made in [French's] complaint." The case then proceeded to trial.

After French's opening statement, Morris moved to dismiss the claims against him individually for insufficient

service of process. He renewed his motion at the conclusion of the trial. The court denied both motions on the basis that Morris had waived this defense. At the close of trial, Morris also moved for dismissal of the claims against the corporation. The motion was denied.

The court found that Morris had breached his duty owed to French by failing to create a security interest in the sales agreement. French was awarded damages plus prejudgment interest accruing from September 1984, the date that he first learned that he was not a secured creditor in the sale.

The Court of Appeals reversed, holding that the claims against Morris and Gabriel individually should have been dismissed because proper service was not made upon them and they had not waived the defense of insufficient service of process. The court also held that the trial court erred in holding the corporation liable for the preincorporation acts of Morris and Gabriel. *French v. Gabriel,* 57 Wn. App. 217, 788 P.2d 569 (1990).[2]

Because French does not seek review of the Court of Appeals' holding that service on Morris and Gabriel was insufficient, the issue of waiver is determinative as to the claims against them individually. French makes a number of arguments in support of his contention that Morris waived the defense. First, he argues that the defense was waived under CR 12 because Morris failed to include it in a responsive motion. Next, he argues that Morris's 6–month delay in filing his answer was dilatory conduct supporting a common law waiver. Finally, he argues that Morris is estopped from asserting the defense. We deal with each of these arguments in turn.

■ The defense of insufficient service of process is waived unless the party asserts it either in a responsive pleading or in a motion under CR 12(b)(5). CR 12(h)(1)(B).

---

[2]Morris also appealed the damage award contending that the trial judge erred in awarding prejudgment interest and that the damage award was not supported by substantial evidence. French cross–appealed, alleging that the trial court miscalculated the damage award.

If a party asserts the defense by motion, all CR 12(b) defenses then available must be consolidated into a single motion and the party is barred from raising any omitted defense in a later motion. CR 12(g); CR 12(h)(1)(A).[3] CR 12(d) prescribes the method for presenting CR 12(b) defenses prior to trial:

> The defenses specifically enumerated (1)–(7) in section (b) of this rule, whether made in a pleading or by motion, . . . shall be heard and determined before trial *on application of any party*, unless the court orders that the hearing and determination thereof be deferred until the trial.

(Italics ours.) Thus, a party may, but is not required to, ask the court to decide CR 12(b) defenses prior to trial. Here, Morris chose to assert the defense in his answer. While the defense would have been waived had he brought a CR 12 motion and failed to include it, no court rule mandates the assertion of this defense in a motion to dismiss before trial. Furthermore, even if a party brings such a motion, the court may, in its discretion, defer determination until trial. Therefore, the rules clearly do not require that all such motions be decided prior to trial.[4]

---

[3]CR 12(g) provides: "A party who makes a motion under this rule may join with it any other motions herein provided for and then available to [the party]. If a party makes a motion under this rule but omits therefrom any defense or objection then available to [the party] which this rule permits to be raised by motion, [the party] shall not thereafter make a motion based on the defense or objection so omitted . . .".

CR 12(h) provides, in part: "(1) A defense of . . . insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in section (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading . . .".

[4]On first blush, *In re Marriage of Maddix*, 41 Wn. App. 248, 703 P.2d 1062 (1985) may appear to indicate that a party must request a ruling as soon as the defense of insufficient service is raised. *Maddix* stated that a party had waived the defense of personal jurisdiction "by presenting arguments on the merits", without first raising the defense in an answer or by motion, and by "failing to ask for an immediate ruling on the jurisdictional issue." *Maddix*, at 251. However, a close reading makes clear that the issue was not if the party had failed to bring a required motion, but if he had, in fact, made a motion at all. The "immediate ruling" language is taken directly from *Sanders v. Sanders*, 63 Wn.2d 709, 388 P.2d 942 (1964), wherein the court stated:

French does not contend otherwise. Rather, he argues that Morris's memorandum of authorities in opposition to French's motion for partial summary judgment constitutes a motion under the rule. This is so, French contends, because Morris requested affirmative relief on the CPA claim. In his memorandum, Morris stated:

> Not only is the plaintiff not entitled to a summary judgment on this issue, a review of the law and the allegations in this case makes it clear that the defendants are entitled to summary judgment of dismissal of this claim.

Clerk's Papers, at 63. In support of this contention, Morris cited *Short v. Demopolis,* 103 Wn.2d 52, 60, 691 P.2d 163 (1984) (actions of negligence or malpractice, as opposed to entrepreneurial aspects of the practice of law, are not covered by the CPA). The trial court agreed that the CPA has "no application to the allegations made in the complaint" and dismissed that claim. Clerk's Papers, at 83.

█ The Court of Appeals relied on *Meadowdale Neighborhood Comm. v. Edmonds,* 27 Wn. App. 261, 616 P.2d 1257 (1980) to reject French's argument on this issue. The court found that Morris's "request for dismissal constituted neither a motion under CR 12 nor a waiver of the insufficient service defense." *French,* 57 Wn. App. at 224. We agree.

*Meadowdale* held that a party's argument urging dismissal of a lawsuit for failure to join a necessary party, which was made in response to an opposing party's motion, did not constitute a motion under CR 12. *Meadowdale,* at 269. Plaintiffs, challenging a zoning decision, sued the City of Edmonds and served the mayor's secretary with a summons, petition, and motion and order directing defendants to show cause why plaintiffs should not be granted their requested relief. Prior to the show cause hearing, the City served Meadowdale with its answer and its brief. In its

---

To constitute a motion challenging jurisdiction the statement must be clear enough both to inform the trial judge as to the nature of the issue and to ask for an immediate ruling on it.

*Sanders,* at 715, *quoted in Maddix,* at 251.

answer, the City asserted insufficient service of process and failure to join a necessary party as affirmative defenses. *Meadowdale,* at 263. At the hearing on plaintiffs' motion, the City urged the court to dismiss the suit for failure to join a necessary party. *Meadowdale,* at 262–63. Thereafter, the City moved for dismissal for insufficient service. The trial court concluded that service was insufficient and that the defense had not been waived. The court then dismissed the action because the time for appeal from the city council's decision had run. *Meadowdale,* at 264.

On appeal, plaintiffs argued that the City waived the defense of insufficient service by failing to join it with the motion to dismiss for failure to join a necessary party. The court disagreed, stating:

> We agree with the determination made by the trial judge in this case that the City's argument urging dismissal of the action for failure to join a necessary party was in response to Meadowdale's order to show cause and was not raised by way of motion.

*Meadowdale,* at 269. Further, the record contained no written motion, no motion was entered by the court clerk, and there was no record of the show cause hearing. Thus, the motion to dismiss for insufficient service was the first affirmative motion raised by the City and there was no issue of waiver under CR 12. *Meadowdale,* at 269.

Here, as in *Meadowdale,* Morris requested dismissal of one of French's claims in response to French's motion. The record contains no written motion nor motion entry by the court clerk. There is no record of the arguments made at the hearing on French's motion. Thus, as the Court of Appeals correctly concluded, under *Meadowdale,* Morris's request for dismissal of French's CPA claim constituted neither a motion under CR 12 nor a waiver of the insufficient service defense. *French,* at 224.

■ Additionally, we note that while CR 12(h) is intended to prevent delays caused by drawn out pretrial motions, it is also designed to protect parties against the unintended waiver of defenses. 3A L. Orland, Wash. Prac.,

*Rules Practice* § 5157, at 182 (3d ed. 1980); 5 C. Wright & A. Miller, *Federal Practice* § 1384 (1990). A party who chooses to raise defenses in an answer rather than a motion should not have to risk having those defenses unintentionally waived by making a well–founded argument in response to an opposing party's motion. Nor should one side be able to compel another to bring a "motion" not required by the rules by making a motion of his own. CR 12 does not require, or even support, such a result. Moreover, allowing a party to respond to a motion, while retaining the right to bring his own motion raising all available defenses, in no way undermines the policy of CR 12 against successive pretrial motions. In sum, we conclude that Morris's memorandum in opposition to French's motion for partial summary judgment was not a CR 12 motion. Thus, Morris was not required to raise the defense of insufficient service to avoid waiver of that defense.[5]

French next argues that Morris's delay in filing an answer was dilatory conduct supporting a waiver of a jurisdictional defense based on insufficient service.[6] *Raymond v.*

---

[5]French also argues that Morris procedurally waived the defense of insufficient service of process by failing to comply with CR 56 and its local equivalent with regard to notice and setting of motions for summary judgment. French cites no authority for his conclusion that a failure to follow CR 56 results in a waiver of a defense of insufficient process. Nor do the consolidation and waiver provisions of CR 12(g) and (h) support French's position because the language of those provisions expressly limits them to motions brought under CR 12(b). See footnote 3; 5 C. Wright & A. Miller, *Federal Practice* §§ 1386, 1387 (1990) (a motion for summary judgment under CR 56 is not a CR 12 motion).

[6]French cites a number of cases for the general proposition that the defense of lack of personal jurisdiction may be waived. Each of these cases is distinguishable because the party either invoked or benefited from the court's jurisdiction before raising the defense of lack of personal jurisdiction. *See Kuhlman Equip. Co. v. Tammermatic, Inc.,* 29 Wn. App. 419, 628 P.2d 851 (1981); *Bauer v. Bauer,* 5 Wn. App. 781, 490 P.2d 1350 (1971); *In re Russell,* 54 Wn.2d 882, 344 P.2d 507 (1959); *In re Estate of Stoops,* 118 Wash. 153, 203 P. 22 (1922). In contrast, Morris raised the defense before taking any other action of record. French relies on *Maddix* to argue that when Morris objected to French setting the case for trial, he deferred to the court's discretion and jurisdiction. However, *Maddix* is distinguishable because the defendant submitted argument on the merits of plaintiffs' claim without raising the defense of lack of jurisdiction. *Maddix,* 41 Wn. App. at 251.

*Fleming,* 24 Wn. App. 112, 115, 600 P.2d 614 (1979), *review denied,* 93 Wn.2d 1004 (1980).

*Raymond,* however, is readily distinguishable. There, defendant filed a timely notice of appearance on May 31, 1977, but failed to file an answer. Plaintiff repeatedly asked for an answer to the complaint, and defendant repeatedly requested, and was granted, continuances. On January 23, 1978, almost 8 months after defendant noted his appearance, plaintiff moved for a default judgment. Plaintiff also moved to compel answers to interrogatories served on defense counsel on October 5, 1977. Defendant asked for, and was granted, two more continuances. On March 3, 1978, defendant moved for dismissal based on insufficient service of process. The trial court granted defendant's motion. *Raymond,* at 114. The Court of Appeals reversed, holding that defendant's conduct was both dilatory and inconsistent with the later assertion of insufficient service of process. *Raymond,* at 115.

█ Unlike the defendant in *Raymond,* Morris raised the defense of insufficient service of process in his first action of record, his answer. The inconsistency that concerned the *Raymond* court is simply not present here. Moreover, defendant's conduct in *Raymond* was "considerably more flagrant" than that of Morris. *French,* 57 Wn. App. at 221. Morris did not repeatedly ask for more time in response to repeated requests for an answer. French never asked Morris to file an answer sooner than he did. Further, once Morris was late in filing his answer, French could have moved for a default judgment pursuant to CR 55(a). He chose not to. Indeed, when French did receive Morris's answer, there is no indication that he objected to it as untimely. Instead, French amended his complaint. *Raymond* does not support a finding of waiver in this case. We wish to make clear, however, that Morris's conduct in this case should not serve as a model to other practitioners. Nonetheless, we agree with the Court of Appeals that "[w]hile not to be condoned, mere delay in filing an answer does not constitute a waiver

of an insufficient service defense." *French,* 57 Wn. App. at 222.

▇▇▇ French next argues that Morris waived his insufficient service of process defense by objecting to setting a trial date, taking a deposition, and consenting to amendment of the complaint. However, once Morris properly preserved his defense by pleading it in his answer, he is not precluded from asserting it by proceeding with discovery. *Crouch v. Friedman,* 51 Wn. App. 731, 735, 754 P.2d 1299 (1988). "[I]t is by way of discovery that a party determines whether a particular defense is available." *Crouch,* at 735. French seeks to distinguish *Crouch,* contending that discovery was not necessary to establish Morris's defense of insufficient service of process. *Crouch* is not distinguishable on this basis. Crouch had raised the defenses of insufficient service of process and statute of limitation in his answer. When he moved for summary judgment more than 2 years later, his motion was granted on the ground of insufficient service of process. *Crouch,* at 732–33. The Court of Appeals affirmed, specifically holding that the defense had not been waived. *Crouch,* at 734–35.

▇▇▇ French also relies on *Raymond* to argue that Morris is estopped from asserting the defense of insufficient service because his delay in answering gave him an unfair tactical advantage. This argument is unpersuasive for two reasons. First, the elements of estoppel have not been met. For estoppel to apply there must be (1) an admission, statement, or act, inconsistent with the claim afterward asserted, (2) action by the other party on the faith of such admission, statement or act, and (3) injury to such party arising from permitting the first party to contradict or repudiate such admission, statement or act. *Raymond,* at 115 (quoting *Arbogast v. Westport,* 18 Wn. App. 4, 7, 567 P.2d 244 (1977)). French does not direct our attention to any act, statement, or admission by Morris prior to his answer that was inconsistent with the defense and that French relied on to his detriment. This is in marked contrast to *Raymond,* where the court stated:

[D]efense counsel's repeated requests for additional time both to counsel and the court were completely inconsistent with the later claim that the court had no jurisdiction. Raymond's inaction with respect to jurisdiction over the defendants was on the faith of these actions. If the unfair tactical advantage demonstrated in the circumstances is permitted, Raymond will be denied a forum for his grievances.

*Raymond,* at 115.

Second, French's reliance on the "unfair tactical advantage" language of *Raymond* is based on the "assumption" that the statute of limitation began to run in June 1983, when the investors defaulted on the contract. Thus, French argues, the statute of limitation expired during Morris's delay in answering. However, the statute of limitation in an attorney malpractice case does not begin to run until the client discovers, or in the reasonable exercise of diligence should have discovered, the facts which give rise to the cause of action. *Crouch,* 51 Wn. App. at 735; *Peters v. Simmons,* 87 Wn.2d 400, 404, 552 P.2d 1053 (1976). French has consistently maintained, and the trial court found, that he did not learn that he was an unsecured creditor until September 1984. As the Court of Appeals noted, had French been aware of the importance of a security interest, he would have insisted that the sale agreement provide for such an interest. *French,* 57 Wn. App. at 222. Thus, the statute of limitation did not begin to run until September 1984. The statute of limitation period on attorney malpractice actions is 3 years. *Crouch,* at 735. French had until September 1987—more than a year—to attempt to correct the insufficient service after Morris raised the defense in his answer.

In sum, we hold that the defense of insufficient service of process was properly raised in Morris's answer, his memorandum in response to French's motion for summary judgment was not a CR 12 motion, and the defense was not waived.

Finally, French asks this court to review the Court of Appeals' conclusion that there is "no legal basis for the

court's ruling" that the corporation was liable for the pre-incorporation acts of Morris. *French,* 57 Wn. App. at 227. Because French offered no argument or authority in support of such review, this issue was not properly raised. RAP 13.7(b). Moreover, the evidence in the record supports the conclusion. Accordingly, we affirm.

DORE, C.J., UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.