47 P.3d 563 (2002)
146 Wash.2d 420
Ronald KING, a minor, by and through his parents, Karen and Brian King, also as plaintiffs, Petitioners,
v.
SNOHOMISH COUNTY, Respondent, and
DOE 1 through DOE 10, Defendants.
No. 70986-6.
Supreme Court of Washington, En Banc.
Argued January 17, 2002.
Decided June 6, 2002.
*564 Joseph Wilson, Everett, Harry Secoy, Lake Stevens, for Appellant.
James Krider, Snohomish County Prosecutor, Raymond Dearie, Deputy, Everett, for Appellee.
MADSEN, J.
In July 1999, a jury awarded damages to Ronald King, and his parents Karen and Brian King, for injuries Ronald suffered when he fell on a playground in a Snohomish County park. Following the jury verdict, Snohomish County appealed. In a published opinion, the Court of Appeals vacated the jury award and dismissed the Kings' action based on the Kings' failure to file a claim with the clerk of council prior to initiating suit. King ex rel. King v. Snohomish County, 105 Wash.App. 857, 21 P.3d 1151 (2001). The Kings petitioned this court for its review. We hold that Snohomish County waived its claim filing defense by engaging in conduct inconsistent with asserting claim filing deficiencies. Accordingly, we reverse and reinstate the jury award.

FACTS
On April 5, 1993, 11-year-old Ronald King fell while playing tag on a playground in Lundeen Park in Snohomish County. He lost his footing in the pea gravel around the playground equipment and struck his knee on the edge of an asphalt slab under the gravel.
Karen King contacted the county park ranger to report the accident. The park ranger completed an injury report and gave King a telephone number to call to make a *565 claim for damages. On May 20, 1993, the park ranger sent the injury report to the claims adjuster for the Snohomish County Prosecuting Attorney's Office.
King called the phone number the park ranger had given her and was subsequently mailed a "claim for damages" form. King completed the form, which was addressed to the Risk Manager of Snohomish County, and then sent it to the prosecutor's office.
On July 6, 1993, the claims adjuster contacted King, assigned her a claim number, and sought additional information pertaining to the claim. King provided the requested information. On August 24, 1993, the county denied the Kings' claims.

PROCEDURAL HISTORY
On September 29, 1995, the Kings filed a complaint in Snohomish County Superior Court. On October 24, 1995, the County answered and raised 11 affirmative defenses including "claim filing." Thereafter, the parties engaged in 45 months of litigation and discovery. During the litigation the parties each moved for summary judgment on grounds not related to this appeal. A mediation was conducted, 18 discovery depositions were taken, and the County sought four continuances.
During discovery the Kings served an interrogatory to the County that asked: "If the defendant intends to assert any defense(s), affirmative or otherwise, to this action, please state the nature of the defense(s), and the basis for each defense." IV Def.'s Clerk's Papers at 716 (Interrog.No.9). The County answered: "Objection, vague and confusing. Without waiving objection, defendant has asserted certain affirmative defenses at the same time it answered the complaint. The basis is spelled out in each affirmative defense stated." II Def.'s Clerk's Papers at 348 (Interrog.No.9). The Kings did not seek to compel a response to the interrogatory.
The case was set for trial on July 19, 1999, in Snohomish County. On July 16, 1999, the Kings were served with numerous motions in limine, including a motion to dismiss for failure to comply with the notice claim provisions in Snohomish County Code 2.90.050. The motion was denied and the case proceeded to trial. The jury returned a verdict in favor of the Kings. The County appealed and the Court of Appeals reversed and dismissed the complaint for failure to file a claim with the clerk of council as required by Snohomish County Code 2.90.050 before filing suit against the County. We reverse.

ANALYSIS
The facts are essentially undisputed in this case so we are presented only with questions of law. We review questions of law de novo and engage in the same inquiry as the trial court. See, e.g., Deatherage v. Examining Bd. of Psychology, 134 Wash.2d 131, 135, 948 P.2d 828 (1997); Tollycraft Yachts Corp. v. McCoy, 122 Wash.2d 426, 431, 858 P.2d 503 (1993).
The determinative issue in the case before us is whether Snohomish County is precluded from raising any claim filing deficiencies as affirmative defenses to the Kings' action. The Kings argue that the Court of Appeals incorrectly found that Snohomish County had not waived its claim filing defense. We have held that a defendant may waive an affirmative defense if either (1) assertion of the defense is inconsistent with defendant's prior behavior or (2) the defendant has been dilatory in asserting the defense. Lybbert v. Grant County, 141 Wash.2d 29, 39, 1 P.3d 1124 (2000). See also French v. Gabriel, 116 Wash.2d 584, 806 P.2d 1234 (1991). In Lybbert we explained, "the doctrine of waiver is sensible and consistent with ... our modern day procedural rules, which exist to foster and promote `the just, speedy, and inexpensive determination of every action.'" Lybbert, 141 Wash.2d at 39, 1 P.3d 1124 (quoting CR 1). The doctrine is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage. Lybbert, 141 Wash.2d at 40, 1 P.3d 1124.
The Kings and the County agree that the claim filing defense was first raised in the County's answer. The County was therefore *566 not dilatory in first asserting the claim filing defense, and this ground for finding waiver is not met. However, the second basis discussed in Lybbert is met here. The County's assertion of a claim filing defense is inconsistent with its behavior for the four years prior to trial. First, although the County did raise claim filing in a list of 11 defenses in its answer to the Kings' complaint, it later failed to clarify that defense in response to an interrogatory. The Kings' asked for clarification of the defenses raised by the County in its answer and the County objected, contending that the request was vague. The County then referred the Kings back to the list of defenses for which they had sought clarification.
Further, although the County was not required to consolidate all of its defenses into its summary judgment motion,[1] it did argue for summary judgment on grounds unrelated to claim filing without ever mentioning claim filing. After listing its original defenses in the answer, the County did not raise claim filing again or seek dismissal on that basis until three days before trial, nearly four years after the Kings' complaint was filed. This behavior is inconsistent with the County's claim filing defense.
The County argues, though, that engaging in discovery following the assertion of an affirmative defense does not indicate waiver. French, 116 Wash.2d 584, 806 P.2d 1234 (once a defendant properly preserves a defense by pleading it in the answer, the defendant is not precluded from asserting the defense by proceeding with discovery). See also Voicelink Data Servs., Inc. v. Datapulse, Inc., 86 Wash.App. 613, 937 P.2d 1158 (1997) (defendant's participation in substantive discovery does not result in waiver of an affirmative defense if it was pleaded prior to engaging in discovery); Romjue v. Fairchild, 60 Wash.App. 278, 281, 803 P.2d 57 (1991) (merely engaging in discovery is not always tantamount to conduct inconsistent with a later assertion of the defense of insufficient service). However, as we noted in Lybbert, when a defendant engages in discovery that is inconsistent with the defense, then waiver may be required. Lybbert, 141 Wash.2d at 41, 1 P.3d 1124.
In Lybbert we discussed Romjue and highlighted that in Romjue, because discovery was not designed to elucidate facts related to the defense of insufficient service of process, those efforts were inconsistent with assertion of that defense. Id. We also found on the facts in Lybbert, "[o]f particular significance is the fact that the Lybberts served the County with interrogatories that were designed to ascertain whether the defendant was going to rely on the defense of insufficient service of process." Id. at 42, 1 P.3d 1124. The County in Lybbert did not answer the interrogatories and this court found that failure to do so until after the statute of limitations had run waived the defense. Id. at 45, 1 P.3d 1124. Finally, we also noted favorably a case from another jurisdiction with similar facts, Burton v. Northern Dutchess Hospital, 106 F.R.D. 477 (S.D.N.Y.1985). In Burton, the court held that notwithstanding a timely answer raising the affirmative defense, the service of process challenge was waived because an answer does not preserve a defense in perpetuity, and approximately three years of litigation was conduct inconsistent with the asserted defense.
Nevertheless, the County seeks to distinguish Lybbert because there, the affirmative defense was first raised in the notice of appearance, not in the answer. Such a narrow reading of Lybbert ignores the policy reasons underlying the waiver doctrine. Allowing a defendant to preserve any and all defenses by merely citing an exhaustive list does not foster the just, speedy, and inexpensive resolution of an action that we called for in Lybbert. Here, both the County and the Kings engaged in extensive, costly, and prolonged discovery and litigation preparation only to have the case decided on procedural grounds completely unrelated to the discovery in which they were engaged. The claim filing defense could have been disposed of early in the litigation before any significant expenditures of time and money had occurred and at a time when the Kings could have remedied the defect.
*567 The Kings also argue that the claim filing defense was waived when the County failed to incorporate it into its second motion for summary judgment. The Kings argue that because the County used the phrase, "failure to state a claim upon which relief can be granted" during the hearing on the motion, it was converted to a CR 12(b)(6) motion. The Court of Appeals was unpersuaded that the summary judgment motion amounted to a CR 12 motion and we agree. The Kings do not cite authority for their contention, and there is no basis for finding that the motion for summary judgment was converted to a CR 12(b)(6) motion. As such, consolidation of all defenses with the motion for summary judgment was not required to avoid waiver. See French, 116 Wash.2d at 589, 806 P.2d 1234 (CR 12(g) consolidation and waiver provisions expressly limited to motions under CR 12(b)).
Because we find that Snohomish County waived claim filing deficiencies as an affirmative defense, it is not necessary to consider other arguments raised by the Kings.

CONCLUSION
We hold that Snohomish County waived any claim filing defense by engaging in conduct inconsistent with that defense. We reverse the Court of Appeals and reinstate the jury award.
ALEXANDER, C.J., SMITH, JOHNSON, IRELAND, BRIDGE, CHAMBERS and OWENS, JJ., concur.
SANDERS, J. (dissenting).
I do not agree Snohomish County waived its claim filing defense under the criteria set forth in Lybbert v. Grant County, 141 Wash.2d 29, 39, 1 P.3d 1124 (2000). The county's prior conduct was not inconsistent with maintaining this defense and defense counsel was not dilatory in asserting it.
As to the second point the majority agrees, leaving only the first for further discussion.
The county's objection and alternative answer to the interrogatory question about defenses was not inconsistent with maintaining them. At worst it was ambiguous or unresponsive. But unmistakably it was an affirmation the county continued to rely on the claim filing defense, and had not abandoned it.
A litigant has no duty to move for summary judgment to preserve a defense, although, admittedly, that might have been more efficient in this context.
Judge Marlin Appelwick's opinion in King ex rel. King v. Snohomish County, 105 Wash.App. 857, 865-67, 21 P.3d 1151 (2001) is correct, and nothing presented by our majority changes that view. If there is an injustice here, it was the legislation which created the claim filing requirement, not the conduct of the county which relied on it. The law is clear, however.
Therefore I would affirm the Court of Appeals and accordingly dissent.
NOTES
[1] French v. Gabriel, 116 Wash.2d 584, 806 P.2d 1234 (1991).