IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IRA WILLIAMS and ROBERT WILLIAMS, | ) ) ) | No. 31962-8-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| UNDERWIRE SERVICES, LLC and TRAVIS HECKMASTER, | ) ) ) | |
| Respondents. | ) ) | |

FEARING, J. — We address another appeal involving a plaintiff's failure to timely serve process and then arguing the defendants waived the defense of lack of service. Plaintiffs Ira and Robert Williams filed their lawsuit one day before the statute of limitations expired and still have not served either defendant, Travis Heckmaster or Underwire Services, with the summons and complaint. The trial court dismissed the Williamses' claim for lack of service. We affirm on the principal basis that defense counsel was unaware of the lack of service on his clients until after the statute of limitations expired and did not take steps to mislead the Williamses.

FACTS

Because the trial court granted Travis Heckmaster's and Underwire Services' summary judgment motion, we write the facts of the accident and procedural background in a light most favorable to Ira and Robert Williams. On February 20, 2007, Heckmaster drove an 18-wheel semitruck and trailer on Interstate 90 near Snoqualmie Pass. Heckmaster then worked for Underwire Services, a Florida LLC. Snowy weather demanded the use of chains, but Heckmaster failed to stop and install chains. Heckmaster lost control of his truck, which collided with Ira Williams' vehicle. The collision injured Ira Williams.

PROCEDURE

On February 19, 2010, Ira and Robert Williams filed suit for negligence against Underwire Services, LLC, and Travis Heckmaster. Ira Williams and her husband are Texas residents. The Williamses proceeded pro se with limited assistance from Texas attorney John Rowley. The complaint alleged, in part:

> 3.1 Defendant Underwire Services, LLC is a Florida corporation, with their its [sic] office located at 18377 Foliage Rd Diamond, MO 64840. It's [sic] registered agent, upon whom service made [sic] by made is James Carter, at 1111 3rd Ave W, Suite 150, Bradenton, FL 34205. . . .
> 3.2 Defendant Travis Heckmaster, was an agent and/or employee of Underwire Services, LLC on the day in question described above. His whereabouts are presently unknown. If he is not able to be located, service will take place on him through the Secretary of State of Washington, in accordance with *RCW 46.64.040*.

2

No. 31962-8-III
*Williams v. Underwire Servs.*

Clerk's Papers (CP) at 1 (alternation in original). On February 19, the Williamses also filed separate summonses against Underwire Services and Heckmaster.

The three-year statute of limitations for the Williamses' claim ran on February 20, 2010. RCW 4.16.080. Under RCW 4.16.170, however, the Williamses had 90 additional days, or until May 21, in which to complete service. The Williamses never completed service. The record is devoid of any attempt by the Williamses to serve either defendant.

On April 27, 2010, attorney Robert Tenney filed a notice of appearance for defendants Underwire Services and Travis Heckmaster. The notice read:

> YOU ARE HEREBY NOTIFIED that MEYER, FLUEGGE & TENNEY, P.S., without waiving objections as to improper venue, lack of jurisdiction, insufficiency of process, or insufficiency of service of process, hereby appear as attorneys for UNDERWIRE SERVICES, LLC, and TRAVIS HECKMASTER.

CP at 6. The record shows no answer has been filed by either defendant.

Also on April 27, 2010, defendants sent husband Robert Williams discovery requests with 21 interrogatories and five requests for production. Examples included:

> INTERROGATORY NO. 2: State the extent of your education, giving the full details thereof.
> INTERROGATORY NO. 3: Please state the names and ages of all your children and the identity of each child's natural father.
> . . . .
> INTERROGATORY NO. 6: List the names and addresses of all hospitals, doctors, osteopaths, chiropractors or healers who have examined or treated you in the last ten (10) years preceding the occurrence referred to in your complaint, the nature of the treatment, and the approximate dates thereof.
> . . . .

3

INTERROGATORY NO. 11: Please state the names and addresses of any and all persons having any knowledge whatsoever concerning the circumstances of the occurrence referred to in your complaint, of your physical condition or having knowledge of relevant facts pertaining to the above-entitled cause, stating for each whether or not they were an eyewitness to the occurrence, and state his or her present occupation, address and phone number.

. . . .

INTERROGATORY NO. 17: Describe your present physical condition with regard to any mental or psychiatric condition that you now allegedly suffer.

. . . .

REQUEST FOR PRODUCTION 1: Please produce legible copies of any records related to you of any health care providers or entities identified by you in your answers to Interrogatories 6, 7, 8 and 9.

. . . .

REQUEST FOR PRODUCTION 5: Please produce legible copies of any other materials, documents, and other tangible items or things, not previously provided, related to the subject matter of your lawsuit, including liability and damages.

CP at 47-55.

On April 27, 2010, defendants requested a "STATEMENT OF DAMAGES" from Ira Williams. CP at 71. Defendants also sent Ira Williams a discovery request with 71 interrogatories and 20 requests for production of documents. Through these extensive discovery requests, defendants sought information and records relating to Ira Williams' negligence claim and more. No discovery request asked about any defense of insufficiency of service.

In June 2010, Robert Tenney learned from his client Underwire Services of a lack of service on defendants. Attorney Tenney spoke with the Williams' Texas counsel, John

4

No. 31962-8-III
*Williams v. Underwire Servs.*

Rowley, on October 25, 2010. Tenney declared, in support of a motion for summary judgment:

> I told Mr. Rowley that Defendants had a statute of limitations defense because Defendants had not been served with process and the statute had run. I continued to tell Mr. Rowley that the statute of limitations had run because our clients had not been served in our occasional telephone conversations over the years.

CP at 113-14.

On April 22, 2011, in response to a clerk's motion to dismiss for lack of prosecution, Ira Williams filed a letter with the Kittitas County Clerk asking to keep the case open and pending. Williams mentioned that she hoped to respond to Underwire's discovery requests and then settle the case. Williams sent a copy of the letter to Robert Tenney.

On May 4, 2012, Ira Williams filed a second letter with the Kittitas County Clerk asking her to keep this case open and pending. On April 26, 2013, Ira Williams filed a third letter with the Kittitas County Clerk asking her to keep this case open and pending. Williams wrote: "The parties are going to have a mediation to hopefully settle the case." CP at 10.

On July 31, 2013, defendants moved for summary judgment. Defendants argued that the Williamses failed to commence the personal injury suit within the three-year statute of limitations, because the Williamses never served either defendant.

Ira and Robert Williams argued, in response to defendants' summary judgment

5

motion, that defendants waived service by either participating in discovery or being dilatory in asserting the defense. Husband Robert Williams, in an affidavit opposing the motion, declared:

> 3. On February 19, 2010, I (along with my wife Ira) filed our pro se complaint against the two Defendants. We had a summons issued on the same day as we intended at that point to serve Underwire Services, LLC and Travis Heckmaster.
> 4. From that date forward, I never communicated, nor had anyone else on my behalf, communicate to the Defendants, their insurance carrier HARCO (who had sent me some correspondence), or their attorneys that I had filed a Complaint. Nonetheless, on April 22, 2010, or within a very few days thereafter, I received in the mail the Notice of Appearance in this case, even though at such time I had not yet affected service of process on the two Defendants.
> 5. Then on April 27, 2010 or within a very few days thereafter, and again before I had had service of process completed on the two Defendants, I received in the mail Interrogatories, Requests for Production, and a Request for Statement of Damages. Those documents made it appear that the lawsuit was now fully underway and that service on the Defendants was no longer a necessity.

CP at 45.

Ira Williams also signed an affidavit opposing defendants' motion for summary judgment. The affidavit repeated the testimony of Robert Williams. The affidavit further declared:

> I did not receive any documents from [Underwire Services] informing me that they objected that [they] had never been served, nor asserting that limitations should preclude my lawsuit on the basis that [they] were not served, until over three years later on July 30, 2013.

CP at 69. Neither Ira Williams nor Robert Williams disclosed, in their declarations, any

efforts exerted to serve process on either defendant.

Defense counsel Robert Tenney averred in a declaration supporting the summary

judgment motion:

> 2. Defendants served Plaintiffs with basic written discovery requests on April 27, 2010. To date, Plaintiffs have not answered said discovery, nor have Defendants sought to compel answers to said discovery. Plaintiffs have not initiated any discovery at any time.
> 3. My first communication with Plaintiffs' counsel, John H. Rowley, was by telephone on October 25, 2010. I told Mr. Rowley that Defendants had a statute of limitations defense because Defendants had not been served with process and the statute had run. I continued to tell Mr. Rowley that the statute of limitations had run because our clients had not been served in our occasional telephone conversations over the years.
> 4. When I filed my Notice of Appearance and sent plaintiffs routine written discovery on April 27, 2010, I did not know my clients had not been served. My Notice of Appearance expressly reserves the defenses of "insufficiency of service of process" and "insufficiency of process."
> 5. I did not learn my clients had not been served until after the statute of limitations had run on February 20, 2010.
> 6. I did not learn my clients had not been served until more than ninety days after plaintiffs filed their Complaint on February 19, 2010.
> 7. I learned my clients had not been served with process in June, 2010.

CP at 113-14.

The trial court granted defendants' summary judgment motion.

## LAW AND ANALYSIS

Ira and Robert Williams contend the trial court erred when it granted summary

judgment to the defendants for lack of service within the applicable statute of limitations.

Under familiar principles of summary judgment jurisprudence, this court reviews a

7

summary judgment order de novo, engaging in the same inquiry as the trial court. *Highline School Dist. No. 401 v. Port of Seattle*, 87 Wn.2d 6, 15, 548 P.2d 1085 (1976); *Mahoney v. Shinpoch*, 107 Wn.2d 679, 683, 732 P.2d 510 (1987). Summary judgment is proper if the records on file with the trial court show "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c). This court, like the trial court, construes all evidence and reasonable inferences in the light most favorable to Ira and Robert Williams, as the nonmoving parties. *Barber v. Bankers Life & Cas. Co.*, 81 Wn.2d 140, 142, 500 P.2d 88 (1972); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). A court may grant summary judgment if the pleadings, affidavits, and depositions establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000).

The Williamses concede that they failed to serve Underwire Services or Travis Heckmaster. They argue the defendants waived the defense of lack of service of process. They do not assert estoppel.

Waiver is the voluntary relinquishment of a known right. *Spokane School Dist. No. 81 v. Spokane Educ. Ass'n*, 182 Wn. App. 291, 313, 331 P.3d 60 (2014); *Cornerstone Equip. Leasing, Inc. v. MacLeod*, 159 Wn. App. 899, 909, 247 P.3d 790 (2011). Waiver may be inferred from circumstances indicating an intent to waive. *224 Westlake, LLC v. Engstrom Props., LLC*, 169 Wn. App. 700, 714, 281 P.3d 693 (2012). To constitute

implied waiver, there must exist unequivocal acts or conduct evidencing an intent to waive. *Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc.*, 143 Wn. App. 345, 361, 177 P.3d 755 (2008). Waiver will not be inferred from doubtful or ambiguous factors. *Cent. Wash. Bank v. Mendelson–Zeller, Inc.*, 113 Wn.2d 346, 354, 779 P.2d 697 (1989). The intention to relinquish the right or advantage must be proved, and the burden is on the party claiming waiver. *Jones v. Best*, 134 Wn.2d 232, 241-42, 950 P.2d 1 (1998).

No evidence points to any express surrender by Underwire Services or Travis Heckmaster of a defense of lack of service after knowledge of the right. To the contrary, defense counsel warned the Williamses' Texas lawyer of the availability of the defense. The Williamses claim defendants waived the defense by engaging in discovery on other issues and waiting three years to bring a motion to dismiss. We consider these factors to be equivocal, particularly in light of the warning sounded.

Washington decisions addressing waiver of lack of service of process rarely mention the standard elements for waiver and omit analyzing a claim of waiver under the standard principles applied in other settings. This omission may result from the waiver elements being relaxed in the setting of this affirmative defense. Washington decisions addressing the defense of lack of service also blur the distinction between waiver and estoppel. Waiver emphasizes the intentional conduct of the party denying waiver and estoppel focuses on the detriment to the party asserting estoppel by the other party's

9

conduct. *Kessinger v. Anderson*, 31 Wn.2d 157, 169, 196 P.2d 289 (1948).

*Lybbert v. Grant County*, 141 Wn.2d 29, 1 P.3d 1124 (2000) is the leading Supreme Court decision on waiver of improper service of process. The Supreme Court held that the county waived the affirmative defense as a matter of law and established at least two circumstances under which courts will impose the doctrine. *Lybbert* teaches that a defendant can waive service in two ways: (1) if the defendant has been dilatory in asserting the defense, or (2) if the defendant's assertion of the defense is inconsistent with the defendant's previous behavior. *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002); *Lybbert*, 141 Wn.2d at 38-39. We address below these independent grounds for waiver.

The doctrine of waiver is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage. *King v. Snohomish County.*, 146 Wn.2d at 424; *Harvey v. Obermeit*, 163 Wn. App. 311, 323, 261 P.3d 671 (2011). Therefore, Washington courts generally require indicia of "lying in wait," to deprive the plaintiff of an opportunity to cure defective service, before applying waiver. *Streeter-Dybdahl v. Nguyet Huynh*, 157 Wn. App. 408, 416-17, 236 P.3d 986 (2010). As analyzed below, Washington courts also have not applied the doctrine without prejudice to the plaintiff.

Underwire Services and Travis Heckmaster filed a notice of appearance, in which

they reserved the defense of lack of service. A notice of appearance has no bearing on the issue of waiver. An express reservation in a notice of appearance is unnecessary to preserve the defense. *Adkinson v. Digby, Inc.*, 99 Wn.2d 206, 209, 660 P.2d 756 (1983). Since the filing of a notice of appearance without including the caveat cannot constitute a waiver of the defense, filing the notice of appearance with the caveat should not serve as a vehicle to preserve it. *Lybbert*, 141 Wn.2d at 43. Neither is a notice of appearance a pleading under CR 7(a) that might preserve the defense. *Lybbert*, 141 Wn.2d at 43.

### *Dilatory Assertion of Defense*

The Williamses fault Underwire Services and Travis Heckmaster for waiting more than three years to object to service. As noted in *Lybbert*:

> [a] defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.

141 Wn.2d at 40 (quoting *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990)).

The law stresses the importance of raising procedural defenses before any significant expenditure of time and money has occurred and at a time when the plaintiff could remedy the defect. *King v. Snohomish County*, 146 Wn.2d at 426; *In re Marriage of Tsarbopoulos*, 125 Wn. App. 273, 288, 104 P.3d 692 (2004). Nevertheless, delay in

11

filing an answer does not waive the defense. *Gerean v. Martin-Joven*, 108 Wn. App. 963, 973, 33 P.3d 427 (2001).

Two cases assist in determining whether defendants' delay constitutes waiver: *Raymond v. Fleming*, 24 Wn. App. 112, 600 P.2d 614 (1979) and *French v. Gabriel*, 116 Wn.2d 584, 806 P.2d 1234 (1991). In *Raymond*, defendant filed a timely notice of appearance on May 31, 1977, but failed to file an answer. Plaintiff repeatedly asked for an answer to the complaint, and defendant repeatedly requested, and was granted, continuances. On January 23, 1978, almost eight months after defendant noted his appearance, plaintiff moved for a default judgment. Plaintiff also moved to compel answers to interrogatories served on October 5, 1977. Defendant asked for, and was granted, two more continuances. On March 3, 1978, defendant moved for dismissal based on insufficient service of process.

In *Raymond v. Fleming*, this court held: "Defense counsel's repeatedly requesting more time, his not responding to the interrogatories, and his obtaining two orders of continuance were both dilatory and inconsistent with the later assertion of the defense of insufficient service of process." 24 Wn. App. at 115. This court further noted that these delays were not aimed at determining whether a defense for insufficient service existed.

In *French v. Gabriel*, our Supreme Court found that the defendant had not waived service. The plaintiff filed a malpractice claim in January 1986; the defendant filed a notice of appearance on February 28, 1986; and the defendant filed an answer, asserting

12

for the first time insufficient service, on August 26, 1986. The *French* court distinguished *Raymond*, writing: "Unlike the defendant in *Raymond*, [the defendant in *French*] raised the defense of insufficient service of process in his first action of record, his answer. The inconsistency that concerned the *Raymond* court is simply not present here." 116 Wn.2d at 593. The plaintiff could have moved for default judgment, but did not. *French*, 116 Wn.2d at 593. The high court agreed with this court that "'[w]hile not to be condoned, mere delay in filing an answer does not constitute a waiver of an insufficient service defense.'" *French*, 116 Wn.2d at 593-94 (quoting and affirming *French v. Gabriel*, 57 Wn. App. 217, 222, 788 P.2d 569 (1990)).

In *Harvey v. Obermeit*, 163 Wn. App. 311, 323, 261 P.3d 671 (2011), the court held that raising the defense was not dilatory since the defendant asserted the defense in his answer to the complaint. The defendant did not file a motion to dismiss until a half year after the lawsuit commenced.

This appeal is more like *French*. The Williamses could have moved for default judgment, but did not. The parties hoped to settle the case. In sparse discussions, the defendants stated their belief that they possessed a defense of insufficient service. In its first action of record, a summary judgment motion, the defendants asserted the defense. The record contains no evidence that the defendants laid in wait for the statute of limitations to expire or masked its defense of lack of service. The Williamses emphasize that defendants waited three years to seek dismissal. We find no decision where the

13

defendant waited this long to assert the defense. Nevertheless, Ira Williams presents no evidence of prejudice such as was present in *French*. By the time defendants knew of the lack of service, the Williamses could not correct the defect.

### Inconsistent Behavior

The Williamses argue that the defendants' extensive discovery requests are inconsistent with its asserting a lack of service defense. The Williamses ask this court to apply a bright line rule: "If a defendant begins the discovery process as to the merits of the case, without first asserting the affirmative defense of lack of service, the defendant waives that affirmative defense." Br. of Appellant at 7. No such bright line exists.

Courts find assertion of a service-related defense inconsistent with a defendant's prior behavior when the record suggests the defendant actively sought to conceal the defense until after the expiration of the statute of limitations and 90-day period for service. In *Romjue v. Fairchild*, 60 Wn. App. 278, 803 P.2d 57 (1991), a defendant engaged in discovery unrelated to a service-related defense before moving to dismiss and waited until three months after the statute of limitations expired to notify plaintiff's counsel of insufficient service, although plaintiff's counsel wrote to defendant's counsel prior to the expiration of the statute of limitations that he understood the defendants had been properly served. The court held the defendant waived the defense by conducting himself in a manner inconsistent with the later assertion of the defense.

14

Another circumstance in favor of finding waiver is where a party engages in considerable discovery not related to the defense. *Harvey v. Obermeit*, 163 Wn. App. at 324 (2011). However, the mere act of engaging in discovery is not always tantamount to conduct inconsistent with a later assertion of the defense of insufficient service. *Lybbert*, 141 Wn.2d at 41; *Harvey v. Obermeit*, 163 Wn. App. at 324; *Romjue*, 60 Wn. App. at 281; *Omaits v. Raber*, 56 Wn. App. 668, 670-71, 785 P.2d 462 (1990). A party must do more than simply conduct discovery. *Harvey v. Obermeit*, 163 Wn. App. at 325.

In *Lybbert*, waiver of a service-related defense was found when the defendant acted as if it were preparing to litigate the merits of the case by engaging in discovery, none of which had to do with sufficiency of service of process. The county's counsel associated with outside counsel and discussed the merits of the case and the possibility of mediation with opposing counsel. The defendant also failed to timely respond to the plaintiff's interrogatory asking whether the defendant planned to rely on any affirmative defenses. A timely response would have allowed the plaintiff several days to cure defective service.

In *King v. Snohomish County*, 146 Wn.2d 420, the county raised a claim-filing defense in its answer but did not clarify the defense in response to an interrogatory. The parties engaged in 45 months of litigation and discovery, during which time the defendant sought four continuances and filed a motion for summary judgment that did not mention the defense. The court found waiver on the basis that the county's assertion of the claim-

15

filing defense, in a motion to dismiss after the case was set for trial, was inconsistent with this prior behavior.

Another illustrative decision on waiver is *Harvey v. Obermeit*, 163 Wn. App. 311, 314, 261 P.3d 671 (2011). James Harvey suffered injuries when he and Richard Obermeit were involved in a car accident on August 4, 2006. Obermeit's address in Maple Valley was noted on the accident report. On July 23, 2009, Harvey filed a negligence action against Obermeit. After Harvey's process server unsuccessfully attempted to serve papers on Obermeit at the latter's home, Harvey decided to affect substitute service under the nonresident motorist statute, RCW 46.64.040.

On October 15, 2009, Richard Obermeits' counsel sent a notice of appearance to Harvey's counsel. From October 15 to October 21, Obermeits' counsel had no other contact with Harvey. The 90-day service period expired on October 21. On November 2, Obermeit filed an answer that asserted affirmative defenses regarding Harvey's failure to serve process as required by law, lack of jurisdiction, and expiration of statute of limitations. The same day, Obermeit served Harvey with general interrogatories and requests for production, a request for statement of damages, and a jury demand. Also on November 2, Harvey served Obermeit with pattern interrogatories and requests for production. On January 8 and January 11, 2010, Obermeit responded to Harvey's discovery requests. On January 14, Obermeit issued records deposition subpoenas to obtain Harvey's medical records and served them on health care providers, along with a

16

notice of intent pursuant to RCW 70.02.060. *Harvey v. Obermeit*, 163 Wn. App. at 314-15.

On February 10, 2010, Richard Obermeit filed a motion to dismiss pursuant to CR 12(b)(2) and CR 12(b)(5), citing lack of service of process, lack of jurisdiction, and expiration of statute of limitations. He argued that service under RCW 46.64.040 was not appropriate because Obermeits was a Washington resident and there was no evidence that he left the state or attempted to evade service. The day after Richard Obermeit filed his motion, James Harvey filed a motion for partial summary judgment to dismiss Obermeit's affirmative defenses. Obermeit gave his deposition on March 2, 2010. On or about April 9, Obermeit retained a medical expert witness and made a CR 35 discovery request that Harvey submit to a medical examination. *Harvey v. Omermeit*, 163 Wn. App. at 315-16.

The trial court concluded that service on the secretary of state was improper because Richard Obermeit was found within the state but not personally served. Harvey did not make a due and diligent search. The court ruled that Harvey lacked personal jurisdiction over Obermeit, and the statute of limitations had expired.

On appeal, James Harvey argued, in part, that Richard Obermeit waived the issue of ineffective service of process by engaging in discovery unrelated to that issue, not bringing a motion to dismiss as soon as reasonably practicable, and acting inconsistently with this defense. This court answered "no." Although Obermeit conducted some

17

discovery before he filed his motion to dismiss on February 10, 2010, this discovery included questions from both parties about the issues of service of process and jurisdiction. Harvey was aware throughout discovery that Obermeit was contesting service. Some discovery between the parties took place *after* Obermeit filed his motion to dismiss. Although Obermeit did not alert Harvey to the issue of ineffective service of process before the 90-day service period or the statute of limitations expired, none of the cited authorities supports the proposition that waiver necessarily follows because a defendant does not do this. Furthermore, there was no indication in the record that Obermeit wrongfully led Harvey to believe that service had been accomplished.

Travis Heckmaster and Underwire Services took no steps to hide the lack of service during the time that Ira Williams could have corrected the insufficiency. The defendants appeared through counsel before the expiration of the 90-day service window, but counsel had no knowledge of a lack of service until thereafter. Defendants sent standard discovery requests to both plaintiffs, but the Williamses made no effort to answer discovery.

This appeal differs from cases where Washington courts found waiver of service on the basis of inconsistent conduct. Unlike *King* and *Lybbert*, the defendants did not fail to answer an interrogatory that sought to clarify the defense or, unlike *King*, engage in 45 months of litigation and discovery. Also unlike *King*, the Williamses and defendants did not engage in extensive discovery over an extended time. The Williamses never sent

18

discovery requests inquiring about potential affirmative defenses, let alone any interrogatories or requests for production. Instead, in the three years between the Williamses filing this suit and defendants moving for summary judgment, the case lay placid such that the county clerk repeatedly sought to dismiss it for want of prosecution.

Unlike *Romjue*, the defendants did not seek to conceal the defense until after the statute of limitations expired. In *Romjue*, the record indicated the defendant's counsel should have known of the defense when he received the copy of the process server's affidavit from Romjue's counsel, some three weeks before he initiated discovery. Underwire Services' and Travis Heckmaster's counsel learned of the lack of service after the statute of limitations expired.

This appeal also diverges from *Lybbert*. In *Lybbert*, the process server's affidavit was filed by the plaintiffs, such that Grant County knew or should have known that the defense of insufficient service of process was available to it. The undisputed facts, on appeal, show the defendants did not earlier learn of the defense from a process server's affidavit, because the Williamses never attempted service.

Ira and Robert Williams argue that *Blankenship v. Kaldor*, 114 Wn. App. 312, 57 P.3d 295 (2002) controls the outcome of the appeal. Julianne Kaldor engaged in general discovery before filing a motion to dismiss for lack of service. Although the court relied on discovery efforts in its ruling, the court also noted that Kaldor's father misled Blankenship's process server into believing that service on him was acceptable and the

19

suit would be answered by his insurance company. Blankenship could have corrected the defect in service if the defense had timely warned her that Julianne Kaldor did not live with her father.

The Williamses argue that the quantity of discovery is relevant, but they cite no law to support this position. The quantity and extent to which a party participates in discovery, through logic and experience, necessarily concern whether a later assertion of the defense is inconsistent. Defendants' discovery requests are not inconsistent with its lack of service defense because their counsel did not know of the defense when he sent those initial requests. While counsel might be encouraged to talk to his client before flooding plaintiffs with discovery requests, there is no evidence of bad faith or misconduct showing that counsel laid in wait. The type of interrogatories and requests for production were typical for a personal injury case and civil defense counsel routinely send initial discovery requests within days of filing the notice of appearance.

This appeal has an important element missing from any other Washington decision. The Williamses present no evidence that they took any steps to perfect service. In all reported decisions, the plaintiff took some step and believed they had performed service thereby. The Williamses can make no claim to have been misled into believing they had served the defendants. Defendants took no steps to ambush or lull Ira or Robert Williams into a safe slumber.

No. 31962-8-III
*Williams v. Underwire Servs.*

## CONCLUSION

We affirm the summary judgment dismissal of plaintiff's complaint based on the lack of service on the defendants.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

21