65 P.3d 671 (2003)
Mary BUTLER, Appellant,
v.
Lori Frank JOY, M.D., Respondent,
Valley Hospital and Medical Center, Defendant.
No. 20980-6-III.
Court of Appeals of Washington, Division 3, Panel Five.
March 20, 2003.
*672 Uche Humphrey Umuolo, Spokane, for Appellant.
Dan W. Keefe, Jennifer M. Larson, Spokane, for Respondent.
SCHULTHEIS, J.
Mary Butler filed suit pro se against Dr. Lori Frank Joy for damages due to negligent medical care. The summons was never properly served. Dr. Joy filed a notice of appearance and moved for summary judgment dismissal within a month of the filing of the complaint. This motion did not mention the defect in service of process. Several months later, after the first motion for summary judgment was voluntarily dismissed, Dr. Joy again moved for summary judgment, this time based on insufficient service of process and expiration of the statute of limitations. Ms. Butler retained new counsel one day before the hearing on the motion. The trial court denied Ms. Butler's request for a continuance and granted Dr. Joy's motion, dismissing the complaint.
On appeal, Ms. Butler contends Dr. Joy waived the defense of insufficient service of process because she did not include that defense in the first motion for summary judgment. She also contends the trial court erred in refusing to grant a continuance. Because we find that Dr. Joy waived the issue of insufficient service of process, we reverse.

FACTS
According to Ms. Butler's complaint, she reported to Valley Hospital and Medical Center on June 19, 1998 for an induced labor. During delivery, Ms. Butler's obstetrician, *673 Dr. Joy, decided to install a catheter to drain Ms. Butler's bladder. The catheter fell on the floor. Dr. Joy picked it up and inserted it into Ms. Butler's urethra. Within eight hours, Ms. Butler was running a high fever. Dr. Joy and the nurses assumed Ms. Butler was suffering postpartum syndrome and released her from the hospital. While at home, Ms. Butler continued to suffer from fevers and chills and consulted a nurse friend. When the friend noted that Ms. Butler's temperature was 104 degrees, she called Dr. Joy, who readmitted Ms. Butler only two hours after she had been released from the hospital.
After three days of treatment, Ms. Butler was informed that she had contracted E. coli bacteria. As a result of this infection, Ms. Butler could not breast feed her baby, had to drop out of school, and developed intolerance to dairy products and most fruits. She continues to suffer digestive problems.
On the basis of the above facts, Ms. Butler filed suit pro se for medical malpractice and negligence against Dr. Joy and Valley Hospital on June 18, 2001. The process server served the summons and complaint on Dr. Joy's office receptionist that same day and filed the return of service two days later. On June 21, Dr. Joy's attorney filed a notice of appearance. About three weeks later, Dr. Joy filed a motion for summary judgment dismissal, contending that Ms. Butler's complaint presented no issue of fact as to negligence, liability, or causation. The hearing on the summary judgment motion was continued twice: first, in August, on Ms. Butler's pro se motion; and second, in September, when Ms. Butler's recently retained counsel requested a continuance so he could prepare a response. Ultimately, the hearing was set for October 26. The 90-day period for perfecting service had expired on September 16. RCW 4.16.170.
On October 16, 2001, Dr. Joy and Valley Hospital agreed to strike the summary judgment motion in order to allow the parties to take depositions. (This document is not in the record.) In a stipulated order filed in November, Valley Hospital was dismissed from the action. (This document is not in the record either.) Depositions were taken and Dr. Joy filed an answer and affirmative defenses on December 6. One of the affirmative defenses alleged insufficiency of process and/or insufficiency of service of process.
Ms. Butler's counsel withdrew from representation in early January 2002. Dr. Joy filed a new motion for summary judgment dismissal on January 16, 2002. She alleged insufficient service of process and expiration of the statute of limitations. The hearing on the motion was set for February 22. On the day before the hearing, attorney Uche Umuolo filed a notice of appearance as Ms. Butler's counsel of record. Mr. Umuolo appeared at the hearing the next day and requested a continuance for time to prepare a response. The trial court denied the motion and ruled for Dr. Joy, dismissing the complaint.
Ms. Butler timely appealed. Dr. Joy's motion on the merits to affirm was denied by a commissioner of this court, who found that the issues were not so controlled by settled law as to warrant disposition on the motion docket.

INSUFFICIENT SERVICE OF PROCESS
In our review of this summary judgment, we view all facts and reasonable inferences from the facts in the light most favorable to Ms. Butler. Lybbert v. Grant County, 141 Wash.2d 29, 34, 1 P.3d 1124 (2000). Summary judgment was proper if there was no genuine issue of material fact and Dr. Joy was entitled to judgment as a matter of law. Id. No facts are at issue here; consequently we confine our review to questions of law, reviewed de novo. Clark v. Falling, 92 Wash.App. 805, 808-09, 965 P.2d 644 (1998).
The dispositive issue on appeal is whether Dr. Joy waived the affirmative defense of insufficient service of process. Ms. Butler contends Dr. Joy waived all defenses that were not presented in her first motion for summary judgment, citing CR 12(h). Dr. Joy notes that CR 12(b) allows the defense of insufficient service of process to be asserted in either a motion or a responsive pleading. Because she set forth this defense in her answer filed in December 2001, she argues, the defense was not waived for the purposes *674 of CR 12. Both parties assume that the waiver provisions of CR 12(g) and CR 12(h) control here. They do not.
CR 12(b) provides that every defense must be asserted in the responsive pleading, except that certain defenses may also be asserted by motion at the option of the pleader. Both "insufficiency of service of process" (CR 12(b)(5)) and "failure to state a claim upon which relief can be granted" (CR 12(b)(6)) are defenses that may be asserted either in a responsive pleading or in a motion. When a motion under CR 12 is made, all defenses then available to the movant must be joined in the motion. CR 12(g). The defense of insufficient service of process is waived if it is omitted from a motion described in CR 12(g) or if it is not made by motion under this rule nor included in a responsive pleading. CR 12(h).
Ms. Butler contends Dr. Joy's July 2001 motion for summary judgment was in effect a CR 12 motion. She further contends that Dr. Joy's failure to join the defense of insufficient service of process in the July 2001 summary judgment motion waived the defense pursuant to CR 12(h). However, a motion for summary judgment under CR 56 is not a CR 12 motion. King v. Snohomish County, 146 Wash.2d 420, 426-27, 47 P.3d 563 (2002); French v. Gabriel, 116 Wash.2d 584, 592 n. 5, 806 P.2d 1234 (1991). Dr. Joy's July 2001 motion is clearly grounded in CR 56. Consequently, Dr. Joy was not required to raise the defense of insufficient service to avoid waiver under CR 12(h). King, 146 Wash.2d at 427, 47 P.3d 563; French, 116 Wash.2d at 592 n. 5, 806 P.2d 1234 (noting that the language of CR 12(g) and (h) expressly limits those provisions to motions brought under CR 12(b)).
The analysis does not end here, however. Washington recognizes that in certain cases the common law doctrine of waiver will preclude assertion of insufficient service of process. Lybbert, 141 Wash.2d at 38, 1 P.3d 1124. If the defendant's assertion of the defense is inconsistent with his or her previous behavior, or if defendant's counsel has been dilatory in asserting the defense, insufficient service may be considered waived as a matter of law. King, 146 Wash.2d at 424, 47 P.3d 563; Lybbert, 141 Wash.2d at 38-39, 1 P.3d 1124. As noted in King, "[t]he doctrine is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." 146 Wash.2d at 424, 47 P.3d 563 (citing Lybbert, 141 Wash.2d at 40, 1 P.3d 1124). Because there are no material facts in dispute here, it is appropriate for this court to apply the doctrine of waiver. Lybbert, 141 Wash.2d at 40, 1 P.3d 1124. The analysis in King is instructive.
In King, a young boy was injured in a county park. His parents filed a complaint in the county superior court within three years after the accident. They inadvertently failed to comply with the county's notice claim provisions. One month after the complaint was filed, the county answered and raised 11 affirmative defenses, including claim filing. King, 146 Wash.2d at 423, 47 P.3d 563. What followed were 45 months of litigation and discovery, with each party moving for summary judgment. When asked in an interrogatory what defenses it intended to raise, the county called the question vague and referred to the list of defenses in its answer. Id. Finally, the county moved for dismissal for failure to comply with the notice claim provisions. This motion was filed four years after the complaint. Id. at 425, 47 P.3d 563. The trial court denied the motion and the jury returned a verdict for the plaintiffs.
On appeal, the judgment was reversed and the complaint dismissed for failure to comply with the notice claim requirements. The Supreme Court accepted review. Applying the common law doctrine of waiver, King found that the county was not dilatory in asserting the defense, which was properly included in the county's answer. Id. at 424, 47 P.3d 563. However, the Supreme Court also found that the county's motion for summary judgment, which did not include the notice claim defense, was inconsistent with the later motion for dismissal. By failing to raise the notice claim defense again until three days before trialafter the statute of limitations had runthe county in effect ambushed the plaintiffs. Id. at 425, 47 P.3d 563. Accordingly, *675 the county had waived the claim filing deficiencies as an affirmative defense. Id. at 427, 47 P.3d 563.
Ms. Butler filed her complaint just before the three-year statute of limitations had run on her medical negligence claims. RCW 4.16.350. Pursuant to RCW 4.16.170the tolling statutewhen a plaintiff files a complaint without first serving the defendant, the plaintiff has 90 days to personally serve the defendant or to commence service by publication. Clark, 92 Wash.App. at 809, 965 P.2d 644. The summons must be served on the defendant personally or by leaving a copy at defendant's usual abode with a person of suitable age residing therein. RCW 4.28.080(15). Within the 90 day period after Ms. Butler filed the complaint, she failed to properly serve the summons on Dr. Joy, but immediately filed the return of service. See Lybbert, 141 Wash.2d at 42, 1 P.3d 1124 (when the process server's affidavit was filed, the defendant knew or should have known that the defense of insufficient service of process was available to it). Consequently, when Dr. Joy filed the motion for summary judgment one month later-still within the 90 day tolling of the statute of limitations-Dr. Joy already had all the facts necessary to determine that insufficient service of process was an available affirmative defense.
Applying the waiver doctrine to these facts, we find that, consistent with the holding in King, Dr. Joy was not dilatory in raising the defense. 146 Wash.2d at 424, 47 P.3d 563. Pursuant to CR 12(b), insufficiency of service of process could have been raised either in a CR 12 motion to dismiss or in the responsive pleading. Dr. Joy raised the defense in her answer and was therefore not dilatory under the rules. On the other hand, Dr. Joy filed a summary judgment motion within the 90 day tolling period, agreed to strike the motion only after the tolling period had run, and engaged in discovery before finally asserting the defense when it was too late for Ms. Butler to properly serve Dr. Joy. Discovery was not directed toward determining whether additional facts supported the defense of insufficient service. Romjue v. Fairchild, 60 Wash.App. 278, 281, 803 P.2d 57 (1991), cited with favor in Lybbert, 141 Wash.2d at 40-41, 1 P.3d 1124. With these actions, Dr. Joy conducted herself in a manner inconsistent with her later assertion of the defense of insufficient service of process. Romjue, 60 Wash.App. at 281, 803 P.2d 57. As a result, she waived the defense. The trial court erred as a matter of law in dismissing Ms. Butler's complaint on the basis of insufficient service of process.

MOTION FOR CONTINUANCE
Although unnecessary to our disposition of this appeal, we next address Ms. Butler's contention that the trial court erred in denying her newly retained counsel's oral motion for a continuance of the hearing on the January 2002 motion for summary judgment. Under CR 56(f), a trial court may continue a motion for summary judgment if affidavits of the nonmoving party show a need for additional time to obtain affidavits, take depositions, or conduct other discovery. The trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence; (2) the requesting party does not indicate what evidence would be established by further discovery; or (3) the new evidence would not raise a genuine issue of fact. Tellevik v. 31641 W. Rutherford St., 120 Wash.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992). We review the trial court's denial of a summary judgment continuance for abuse of discretion. Mannington Carpets, Inc. v. Hazelrigg, 94 Wash.App. 899, 902, 973 P.2d 1103 (1999).
Ms. Butler's attorney, Mr. Umuolo, was retained just the day before the summary judgment hearing. He appeared without written affidavits in support of a continuance and presented the motion orally. The hearing was not recorded and we have no indication whether Mr. Umuolo argued that he needed more time to obtain further discovery or what further evidence he expected to produce. Strictly speaking, his motion does not fit within the guidelines of a CR 56(f) continuance. However, "[t]he primary consideration in the trial court's decision on the motion for a continuance should have been justice." Coggle v. Snow, 56 Wash.App. 499, 508, 784 P.2d 554 (1990). Ms. Butler *676 had not yet requested a continuance on the January 2002 summary judgment motion. Her original counsel withdrew before the motion was filed, and she obtained new counsel in a little over a month. Although additional discovery was not needed to decide the issue of insufficient service of process, Mr. Umuolo deserved an opportunity to prepare a response on the issues of law. Dr. Joy has not argued that she would have been prejudiced by a continuance. As noted in Coggle, it is hard to see "how justice is served by a draconian application of time limitations" when a party is hobbled by legal representation that has had no time to prepare a response to a motion that cuts off any decision on the true merits of a case. Id. at 508, 784 P.2d 554.
Because we cannot find a tenable ground for the trial court's decision, we hold that the denial of the continuance was an abuse of discretion. However, because we also hold that the trial court erred as a matter of law in granting summary judgment dismissal, we reverse.
BROWN, C.J., and KURTZ, J., concur.