FILED
COURT OF APPEALS
DIVISION II

2014 JUL -8 AM 10:08

STATE OF WASHINGTON
BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| JEFFREY MCKEE, | No. 43891-7-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON; WASHINGTON STATE PATROL; DEPARTMENT OF LICENSING; and MITCHELL T. BAUER and JANE DOE BAUER, husband and wife, individually and as a marital community; | UNPUBLISHED OPINION |
| Respondents. | |

Melnick, J. — Jeffrey McKee appeals the trial court's decisions denying his motion for a continuance and granting the State's[1] summary judgment motion. McKee failed to inform the court of any evidence he would have obtained with a continuance. He also filed his motion in an untimely manner. Therefore, we hold that the trial court properly denied his motion for a continuance. Additionally, McKee filed his claim after the statute of limitations had run. The trial court properly granted the State's summary judgment motion. We affirm.

FACTS

On November 8, 2008, law enforcement arrested McKee for driving under the influence and attempting to elude a police officer. On November 10, 2011, McKee filed a tort claim with the office of risk management pursuant to former RCW 4.92.100 (2009) naming the State, the Washington State Patrol, the Department of Licensing, and the arresting officer as defendants. He alleged a number of torts arising from his arrest, including libel, trespass, false arrest, false imprisonment, assault, negligence, gross negligence, wanton/willful misconduct, intentional

---

[1] McKee sued the State and state agencies and employees. We refer to the defendants collectively as the State.

inflection of emotional distress, negligent infliction of emotional distress, and outrage. On January 17, 2012, McKee filed his complaint in superior court. On April 16, 2012, he served the attorney general.

On June 7, 2012, the State moved for summary judgment, arguing, among other matters, that McKee failed to commence his suit within the statute of limitations. McKee did not file a response to the State's motion. Two days before the July 13 summary judgment hearing, McKee filed a request for accommodation. He stated that, on June 29 he developed a bruise on his leg that made it difficult for him to travel. He asked the court to reschedule the hearing. The court did not reset the hearing but allowed McKee to attend telephonically and argue for a continuance.

On the day of the scheduled hearing, McKee appeared telephonically as a self-represented litigant and asked for a continuance. He represented that his leg still bothered him and that it kept him from travelling to the law library and the court. The State objected. It argued that McKee had a history of delaying the litigation and that he should have to comply with court rules. Lastly, the State argued the statute of limitations issue was straightforward and McKee should not be given extra time to research it. In ruling against McKee, the court determined that McKee's motion for a continuance was untimely.

The court then heard argument on the State's summary judgment motion. The State asserted that the statute of limitations on McKee's claims ran on November 8, 2011, and that he did not file his claims with risk management until November 10, 2011.[2] McKee responded that

_____

[2] Some of McKee's claims had a two-year statute of limitations—libel, assault, and false imprisonment. RCW 4.16.100(1). He abandoned those claims, except libel, at the trial court and does not argue them on appeal. Accordingly, this appeal relates only to the claims with a three-year statute of limitations.

2

he was in jail from November 8, 2008, "until the 10th or 11th,"and that the statute of limitations tolled during that time. Report of Proceedings (RP) at 8. Therefore, his claims did not run until November 11, 2011, the day after he filed his complaint with risk management. McKee did not provide evidence or make an offer of proof regarding this issue.

The trial court granted the State's summary judgment motion and dismissed the case with prejudice. McKee filed a motion for reconsideration. The trial court denied his motion for reconsideration, reiterating that his request for a continuance was untimely and that he failed to support his allegations that the statute of limitations had tolled. McKee appeals.

## ANALYSIS

### I. CONTINUANCE

McKee first argues that the trial court erred when it denied his motion for a continuance. McKee failed to identify the evidence he would have obtained if he had more time. McKee filed the motion in an untimely manner. The trial court did not err by denying McKee's request.

We review a ruling denying a motion for a continuance for an abuse of discretion. *Coggle v. Snow*, 56 Wn. App. 499, 504, 784 P.2d 554 (1990). A trial court abuses its discretion if the decision is manifestly unreasonable or based on untenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). The trial court may deny a motion for continuance where (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence, (2) the requesting party does not state what evidence would be established through the additional discovery, or (3) the desired evidence will not raise a genuine issue of fact. *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003).

Here, McKee stated he needed a continuance because his injury made it difficult for him to travel to the law library. He did not specify the evidence he would have obtained with more

time. He did not say why he delayed responding to the summary judgment motion, which he received several weeks before his leg injury. The State filed its summary judgment motion on June 7 and McKee failed to take any action, including filing a response, until July 11—two days before the hearing. He requested a continuance on the day of the hearing. McKee's motion was untimely. The trial court did not abuse its discretion when it denied McKee's motion for a continuance.

II.    SUMMARY JUDGMENT

McKee next argues that the trial court erred when it granted the State's motion for summary judgment. He contends that he filed his claims within the statute of limitations. Because he failed to present competent evidence that the statute of limitations had tolled, we affirm the trial court.

We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Folsom*, 135 Wn.2d at 663.

To avoid summary judgment, the nonmoving party must offer specific facts rebutting the moving party's contentions and disclosing the existence of material issues of fact. *Marshall v. Bally's Pacwest, Inc.*, 94 Wn. App. 372, 377, 972 P.2d 475 (1999). The nonmoving party may not rely on speculation or argumentative assertions. *Marshall*, 94 Wn. App. at 377. The nonmoving party must present competent evidence by affidavit or otherwise. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 735, 218 P.3d 196 (2009).

The trial court granted summary judgment in the State's favor because McKee did not file his claims within the statute of limitations. McKee's claims have a three-year statute of

limitations. *See* RCW 4.16.080. The statute of limitations tolls when the plaintiff files a complaint or serves a summons. RCW 4.16.170. A party asserting an action against the State must file the claim with risk management and wait 60 days before commencing the action. RCW 4.92.110. The statute of limitations is tolled during the 60-day period. RCW 4.92.110. Imprisonment tolls the statute of limitations. RCW 4.16.190(1).

The parties agree that McKee's claims accrued on November 8, 2008, the date of his arrest. *See White v. Johns-Manville Corp.*, 103 Wn.2d 344, 348, 693 P.2d 687 (1985) ("In an ordinary personal injury action, the general rule is that a cause of action 'accrues' at the time the act or omission occurs."). Therefore, he had until November 8, 2011, to either file or serve his complaint. *See* RCW 4.16.080; RCW 4.16.170. He did not file his complaint with risk management until November 10, 2011, two days after the statute of limitations had run.

McKee argued at summary judgment that the statute of limitations tolled while he was in jail following his arrest. But he failed to present any evidence of when he was released from jail. He did not file an affidavit or offer any records to prove the length of his jail time. He merely argued that he was incarcerated from November 8 until "the 10th or 11th." RP at 8. Accordingly, McKee failed to present competent evidence to rebut the State's assertion that he failed to file within the statute of limitations.

McKee also argues that his action was timely because he filed with the trial court on January 17, his action tolled during the 60-day waiting period in RCW 4.92.110, and computation of the filing date does not include weekends or holidays. But this argument assumes that McKee's initial claim filed with risk management was timely. It was not. Thus, even though he may be correct that his claim tolled from the time he filed with risk management until January 17, his claim is still time barred. We affirm the trial court's dismissal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Johanson, C.J.