# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CONTRACTORS BONDING AND
INSURANCE COMPANY,

          Respondent,

v.

WAYNE and KIMBERLY BERRY,
husband and wife and the martial
community comprised thereof and
COMMERCIAL CONSTRUCTION
SERVICES, INC.,

          Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 72115-1-I

DIVISION ONE

UNPUBLISHED

FILED: June 22, 2015

Cox, J. – When a party seeks a continuance of the hearing on a motion for summary judgment to conduct additional discovery, the court may deny the motion for any of several reasons. Among them is if "'(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact.'"[1] Here, defendants Wayne and Kimberly Berry failed in their burden to show good reason for failing to previously conduct discovery. They also failed in their burden to establish that any new evidence would raise a genuine issue of

---

[1] Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 742-43, 218 P.3d 196 (2009) (quoting Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003)).

material fact. Thus, the trial court did not abuse its discretion when it denied their motion for a continuance. The court also properly determined that Contractors Bonding and Insurance Company (CBIC) was entitled to summary judgment. We affirm.

CBIC sued the Berrys and their company, Commercial Construction Services, Inc., (collectively "Berry") for violating the terms of an indemnity agreement connected to payments made on a surety bond. CBIC agreed to act as Berry's surety for a construction contract, promising "to cover any claims made against [Berry] and guarantee payment of those claims in the event that [Berry] did not pay the claims on the job bonded by [CBIC]." Berry had subcontracted with Hensel Phillips Construction to work on a project at Los Alamos National Labs.

Hensel Phelps eventually claimed that Berry had violated the subcontract "by failing to man the job properly and provide the needed equipment and materials." CBIC paid Hensel Phelps $162,068.00 to settle its claims against Berry. CBIC also paid other entities $169,312.12 to settle their claims against Berry.

Berry refused to reimburse CBIC for these payments, as it was required to do under the terms of their agreement.

CBIC served Berry in August 2013. Berry was initially represented, but his attorney filed a notice of intent to withdraw on March 7, 2014.

2

On April 24, 2014, CBIC moved for summary judgment. CBIC supported its motion with the affidavit of Chris Simmelink, one of its employees. The motion was set for hearing on May 29, 2014.

Six days before the scheduled summary judgment hearing, Wayne Berry, acting pro se, sought discovery for the first time, serving CBIC with a request for production of documents. Two days before the scheduled hearing, he moved to continue the summary judgment hearing and filed a brief in opposition to summary judgment.

The trial court denied Berry's motion for a continuance and granted summary judgment in favor of CBIC at the summary judgment hearing.

Berry appeals.

## CONTINUANCE

Berry argues that the trial court abused its discretion when it denied his request for a continuance. We disagree.

Under CR 56(f) a trial court may order a continuance for further discovery when "it appear[s] from the affidavits of a party opposing the [summary judgment] motion that he cannot, for reasons stated, present by affidavit facts essential to justify his opposition." The court may deny a motion if "'(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact.'"[2]

---

[2] Bldg. Indus. Ass'n of Wash., 152 Wn. App. at 742-43 (quoting Butler, 116 Wn. App. at 299).

We review the denial of a CR 56(f) motion for abuse of discretion.[3]

"A trial court abuses its discretion when its 'decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'"[4]

Here, the court did not abuse its discretion in denying the motion for a continuance. Berry did not have good reason for delaying discovery until shortly before the summary judgment hearing. Moreover, Berry did not establish that any new evidence would raise a genuine issue of material fact.

In the pro se motion for a continuance filed on May 27, Wayne Berry explained that his mother had passed away on April 8, 2014. But he did not explain why he had failed to conduct any discovery in the time between commencement of this action in August 2013 and April 2014.

Additionally, the trial court noted that the underlying dispute between Berry and CBIC had been going on since June 2011. Berry had also stated that he had "600 pages of" correspondence with CBIC over CBIC's payments on the bond. Thus, the trial court believed that Berry had received an adequate opportunity to conduct discovery:

> And I hear that as early as June 2011 there was a dispute with Hensel Phelps. And on the one hand I hear you've got over 600 pages of documents about that dispute and about what CBIC was going to do about it, and on the other hand that you need a chance

---

[3] MRC Receivables Corp. v. Zion, 152 Wn. App. 625, 629, 218 P.3d 621 (2009).

[4] Hundtofte v. Encarnacion, 181 Wn.2d 1, 6, 330 P.3d 168 (2014) (internal quotation marks omitted) (quoting State v. Rohrich, 149 Wn.2d 647, 654, 71 P.3d 638 (2003)).

to do discovery. And I'm having trouble squaring those two statements.[5]

At the summary judgment hearing, Berry's New Mexico counsel, who appeared telephonically, in a conference call with the Berrys, informed the court that she planned to represent Berry pro hac vice with the assistance of local counsel. She stated that Berry was "still looking" for local counsel. But she did not explain why Berry had been unable to find local counsel between March 7, when Berry's counsel withdrew, and the date of the summary judgment hearing.

Thus, Berry did not establish that he had good cause for failing to engage in discovery earlier in this action.

Berry also failed to establish that any evidence he would obtain through discovery would raise a genuine issue of material fact.

Under the terms of the agreement, CBIC had the right to "[d]etermine *in its sole discretion* whether any claim shall be paid."[6] Additionally, Berry agreed that "[a]*bsent fraudulent intent* on the part of the surety" he would "be conclusively and *unconditionally bound* by [the] surety's determination."[7]

Berry noted that his answer alleged fraud as an affirmative defense. But at the summary judgment stage, one may not rely on mere allegations of the pleadings.[8] Berry failed to cite any evidence that he believed discovery would

---

[5] Report of Proceedings (May 29, 2014) at 30-31.

[6] Clerk's Papers at 34 (emphasis added).

[7] Id. (emphasis added).

[8] CR 56(e).

uncover that could establish a genuine issue of material fact whether CBIC had fraudulent intent.

Finally, the court directly asked Wayne Berry whether he wanted a continuance and he said no:

> THE COURT: Okay. Let me ask you this: Tell me what specifically—are you asking me to continue this?
>
> MR. BERRY: No, ma'am.[9]

He went on to state "I'm asking you to deny the summary judgment and let us have our day in court with these people. That's what I'm asking you to do."[10]

Thus, the court did not abuse its discretion in denying Berry's motion for a continuance.

Berry argues that a "court abuses its discretion by denying a continuance in the face of a party's reasonable difficulty locating counsel." But Berry did not establish that he had faced "reasonable difficulty" in obtaining counsel. The record is silent on why new counsel was not retained after previous counsel withdrew.

The cases Berry cites to support this proposition are also distinguishable. In Coggle v. Snow, Vernon Coggle's lawyer retired and found another lawyer to take the case.[11] Coggle asked for a continuance of 30 to 45 days for his new

---

[9] Report of Proceedings (May 29, 2014) at 25.

[10] Id. at 26.

[11] 56 Wn. App. 499, 502, 784 P.2d 554 (1990).

attorney to obtain an affidavit from his treating physician.[12] Thus, Coggle sought a brief continuance and specifically noted the evidence that the additional time would allow him to produce. In contrast, Berry asked for a continuance of at least 120 days, "to do discovery [and] to arrange for new Washington State counsel."

In Butler v. Joy, Mary Butler's initial attorney withdrew shortly before a motion for summary judgment was filed.[13] Butler was able to "obtain[] new counsel in a little over a month" and her new counsel sought a continuance.[14] The hearing was not recorded, so it was unclear "whether [counsel] argued that he needed more time to obtain further discovery or what further evidence he expected to produce."[15] Thus, in Butler, it was clear that Butler had acted promptly to obtain new counsel. In contrast, Berry was "still looking" for new local counsel at the hearing on May 29, although his previous counsel had filed his notice of intent to withdraw on March 7.

Berry also argues that the court abused its discretion because it granted summary judgment before the end of the discovery deadline. Berry argues that "[t]ypically, summary judgment motions are not made until each side has had a

---

[12] Id.

[13] 116 Wn. App. 291, 299, 65 P.3d 671 (2003).

[14] Id.

[15] Id.

chance to engage in formal discovery."[16] But in this case, Berry had received the opportunity to engage in formal discovery. The fact that the discovery deadline had not expired does not negate the fact that Berry did not engage in discovery between August 2013 and May 2014.

Finally, Berry argues that the trial court abused its discretion because Wayne Berry's mother had passed away in April 2014. But Berry had failed to seek discovery from August 2013 to May 2014. Thus, the trial court's denial was not based solely on Berry's conduct in April 2014.

## SUMMARY JUDGMENT

Berry also argues that the trial court erred by granting CBIC summary judgment "without any documentation supporting the amounts CBIC allegedly paid on the bond." We disagree.

Under CR 56(e) affidavits supporting a motion for summary judgement "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Here, CBIC supported its motion for summary judgment with an affidavit from one of its employees, Chris Simmelink. Simmelink's affidavit states that he has personal knowledge of its contents and is competent to testify. Simmelink stated that Berry had failed to pay a total of $169,312.12 to 11 suppliers named in the declaration. It stated that Berry "initially raised some questions about these bills but was unable to supply any documentation to support [his] position."

---

[16] Brief of Appellants at 12 (quoting 14A KARL B. TEGLAND, WASHINGTON PRACTICE: CIVIL PROCEDURE § 25:3 at 104 (2d ed. 2009)).

Thus, CBIC paid the claims "pursuant to the bond terms between June 28, 2011 and November 30, 2011."

The affidavit also states that Hensel Phelps sent a notice that Berry "was in breach of [his] subcontract by failing to man the job properly and provide the needed equipment and materials." But Berry "failed to respond to the demands by both [CBIC] and Hensel Phelps Construction to complete the work and provide as built drawings and warranties." Accordingly, Berry paid Hensel Phelps $162,068.00 to settle its claims against Berry.

Finally, Simmelink testified that Berry had refused to reimburse CBIC for the amounts it had paid under the bond.

Thus, Simmelink's affidavit complied with the requirements of CR 56(e) and meet CBIC's initial burden as the moving party. Berry failed to contest the assertions in Simmelink's affidavit with his own affidavits, as required under CR 56. Thus, the trial court properly granted CBIC summary judgment.

Berry argues that CBIC should have been required to submit additional evidence to meet its burden. But Berry is unable to cite a provision of CR 56 that requires additional evidence beyond affidavits containing personal knowledge.

Berry also argues that "the amount of [CBIC's] alleged payments conflicts with the only documentation in the record." To support this assertion, Berry cites a letter from Hensel Phelps that demands that Berry immediately provide:

1. Manpower and materials to complete bollards and other remaining sitework.

2. Manpower, materials and equipment to complete and startup the Fuel System.

3. Manpower, materials and equipment to complete the generator room damper installation.

4. Complete flashings at pipe penetrations on the roof.

5. Provide written final inspection by the roofing manufacturer[']s representative.

6. Provide evidence satisfactory to Hensel Phelps of payment in full of all current third party obligations.[17]

Berry then cites a document, which allegedly values the cost of these six items as $3,150.00, though it is unclear how exactly this document does so.

Assuming that Berry is correct that the cost of correcting these six items was $3,150.00, it is still not evidence contradicting the assertions in Simmelink's affidavit. The letter from Hansel Phelps to Berry did not state that those six items were its only claims. It merely demanded that those six items be addressed immediately. Once Hensel Phelps determined that Berry had breached the contract, it could have made additional valid claims against the bond. Nothing in Berry's evidence forecloses this possibility.

We affirm the summary judgment order.

_Cox, J._

WE CONCUR:

_Leach, J._                    _Schindler, J._

---
17 Clerk's Papers at 67.