# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JESSICA SIMPSON, an individual, | ) | No. 75029-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| LINDA GIPSON and JOHN DOE | ) | |
| GIPSON, husband and wife, and the | ) | |
| marital community composed thereof, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondents. | ) | |
| | ) | FILED: January 17, 2017 |

MANN, J. — Jessica Simpson appeals the summary judgment dismissal of her lawsuit against Linda Gipson, arguing that the trial court abused its discretion in denying her motion to continue the summary judgment hearing. We affirm the dismissal.

## FACTS

On September 26, 2014, Simpson, represented by attorney Gregory Skidmore, sued the Whidbey Island Public Hospital District. Simpson contended that, while she was a patient at the hospital in May 2013, Gipson, the hospital's chief

nursing officer, aggressively restrained her in order to administer medicine. Simpson's complaint asserted causes of action for assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. Simpson named the hospital as the defendant based on the theory that the hospital was vicariously liable for Gipson's conduct.[1]

On December 14, 2015, the superior court granted summary judgment dismissal of Simpson's lawsuit. Simpson did not appeal. However, on January 7, 2016, Simpson, acting pro se, filed a second lawsuit involving the same incident. The second lawsuit contained the same facts and causes of action as the first with the exception of naming Gibson as the defendant instead of the hospital.

On January 25, 2016, Gipson moved for summary judgment dismissal arguing that it was barred by the doctrines of res judicata and collateral estoppel because Simpson's prior lawsuit against the hospital had already been heard and determined on the merits. Gipson noted the motion for a hearing on February 22, 2016. Simpson did not file a response to Gipson's motion.

On February 18, 2016, attorney Victor Ro filed a notice of appearance on behalf of Simpson. The same day, Ro filed a motion to continue the summary judgment hearing. The motion requested the court grant "more time . . . in order for Plaintiff's attorney to prepare."[2] The motion did not articulate any basis for a continuance, nor specify the length of the continuance requested.

---

[1] The complaint also asserted claims for corporate negligence, medical negligence and violation of the vulnerable adult protection act, chapter RCW 74.34.

[2] Clerk's Papers (CP) at 164.

At the hearing, Ro acknowledged he had been retained only a few days prior and did not "know anything about this case whatsoever."[3] He requested a continuance of 90 days to "prepare for this case and perhaps either amend the Complaint or whatever is necessary to respond to the summary judgment motion."[4] Ro did not identify any discovery he wished to complete, nor any grounds upon which he could oppose summary judgment. The trial court denied the continuance, stating "You've given me no reason for continuing this case other than there may be something somewhere somehow." The trial court granted summary judgment in favor of Gipson.[5] Simpson appeals.

## ANALYSIS

CR 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that for reasons stated, the party cannot present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

We review the denial of a CR 56(f) motion for abuse of discretion. Pitzer v. Union Bank of California, 141 Wn.2d 539, 556, 9 P.3d 805 (2000). A trial court does not abuse its discretion if "'(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired

---

[3] Report of Proceedings (RP) (Feb. 22, 2016) at 3.
[4] RP (Feb. 22, 2016) at 8-9.
[5] The trial court also denied Simpson's motion for reconsideration. Because Simpson does not assign error to the trial court's order denying reconsideration, we do not address it. See RAP 10.3(a)(4), (6).

evidence will not raise a genuine issue of material fact.'" Pitzer, 141 Wn.2d at 556. (quoting Turner v. Kohler, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). "Only one of the qualifying grounds is needed for denial." Gross v. Sunding, 139 Wn. App. 54, 68, 161 P.3d 380 (2007) (citing Pelton v. Tri-State Mem'l Hosp., 66 Wn. App. 350, 356, 831 P.2d 1147 (1992)).

Here, the trial court did not abuse its discretion in denying a continuance. Simpson did not explain what evidence would be gained by further delay. Nor did Simpson establish how any evidence would raise a genuine issue of material fact, given the dismissal of her prior, identical lawsuit against the hospital. Accordingly, the trial court properly denied the continuance request.

Simpson relies on Coggle v. Snow, 56 Wn. App. 499, 784 P.2d 554 (1990), and Butler v. Joy, 116 Wn. App. 291, 65 P.3d 671 (2003) to support her argument. Both cases are distinguishable.

In Coggle, a plaintiff retained new counsel after his first attorney retired. In his motion to continue the summary judgment hearing, the plaintiff specified the affidavits of material witnesses that would require additional time to obtain and explained how this evidence would establish a genuine issue of material fact. In contrast, Simpson merely wished for additional time to prepare a response, without identifying any facts or legal theories she planned to pursue.

In Butler, the plaintiff's newly-retained counsel appeared at the summary judgment hearing and orally requested a continuance. However, because the hearing was not recorded, the record contained "no indication whether [the new attorney] argued that he needed more time to obtain further discovery or what further evidence

-4-

he expected to produce." Butler, 116 Wn. App. at 299. The court held, in dicta, that the trial court abused its discretion "[b]ecause we cannot find a tenable ground for the trial court's decision." Butler, 116 Wn. App. at 300. Here, however, the record clearly showed that Simpson failed to meet the requirements of CR 56(f), and the trial court did not abuse its discretion.

We affirm the decision of the trial court.

_____ Mann, J. _____

WE CONCUR:

_____ Trickey, ACJ _____       _____ Leach, J. _____