IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| RICHARD L. FERGUSON, individually, | ) | No. 78025-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER LAW FIRM, P.S., a Washington | ) | |
| Corporation, GARY L. BAKER, ESQ., | ) | |
| and DARCY BAKER, individually, and | ) | |
| the marital community composed | ) | |
| thereof, STRITMATTER, KESSLER, | ) | |
| WHALEN, KOEHLER, MOORE, | ) | |
| KAHLER, d/b/a STRITMATTER | ) | UNPUBLISHED OPINION |
| KESSLER, a Washington Corporation, | ) | |
| DANIEL LAURENCE, ESQ., and ANNA | ) | |
| MARIE JACKSON LAURENCE, | ) | |
| individually, and the marital community | ) | |
| composed thereof, BRENDA CHAVEZ, | ) | |
| individually, and, KELLY MATHESON, | ) | |
| and RICHARD MATHESON, | ) | |
| individually, and the marital community | ) | |
| composed thereof, | ) | |
| | ) | |
| Respondents. | ) | FILED: August 19, 2019 |

SCHINDLER, J. — Representing himself pro se, Richard Ferguson filed a lawsuit against his former employer the Baker Law Firm PS and Gary Baker, Brenda Chavez, and Kelly Matheson (collectively, Baker Law Firm) and the Stritmatter, Kessler, Whalen, Koehler, Moore, Kahler Law Firm and Daniel Laurence (collectively, Laurence). Ferguson alleged (1) wrongful termination; (2) breach of implied contract; (3) criminal



misconduct under RCW 50.36.030; (4) conspiracy to commit criminal misconduct under RCW 50.36.030; (5) defamation of character, libel, and slander; (6) unlawful blacklisting; (7) negligent supervision and retention; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress. We affirm denial of Ferguson's motion to continue the summary judgment hearing, the order granting in part and denying in part the motion to strike evidence in support of summary judgment, the summary judgment dismissal of the lawsuit, and the award of attorney fees and costs.

Employment with the Baker Law Firm

The facts are set forth in Ferguson v. Department of Employment Security, No. 75706-7-I (Wash. Ct. App. Oct. 9, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/757067.PDF, and will be repeated only as necessary.

On May 5, 2014, attorney Gary Baker hired Richard Ferguson to work as a paralegal at the Baker Law Firm PS. Baker Law Firm employees noticed Ferguson would come to work "smelling of alcohol."

In November, legal assistant Brenda Chavez started keeping a log of the days she noticed the smell of alcohol on Ferguson. On some days, Chavez "could smell it down the hall" and on other days, "it got really strong after lunch." Baker talked to Ferguson about the reported smell of alcohol.

On January 20, 2015, paralegal Kelly Matheson sent Baker an e-mail stating, "I'm feeling a little sick today. The smell of alcohol has wandered into my office now. I don't often like to work with my door closed, unless I really need to focus (or am cold). I'm finding the need to close my door today to avoid the smell."

On January 21, Baker met with Ferguson to discuss a number of "work issues," including failure to "keep the office case list current," meet "deadlines through inattention," and manage case files; poor attendance; and ongoing concerns about alcohol use. Baker told Ferguson, "I cannot allow you to smell like alcohol while in the office" and "[u]nless you are able to resolve these issues, I will need to terminate your employment."

Baker prepared and sent a memorandum summarizing the meeting, including concerns about alcohol. The January 21 memorandum states, in pertinent part:

> You continually come to the office smelling of alcohol. We cannot tell if the smell is from you drinking the previous night or before coming to work or during work. The smell is apparent and disturbing to your fellow employees and me. If clients come into the office and are near you, they must smell the alcohol also.
>
> I have counseled you about this issue in the past, but i[t] hasn't really changed. I believe you have an alcohol problem of some sort.
>
> The smell of alcohol seems to relate to you acting "foggy-headed" at times. Your fellow staff and I have all noticed this. Whether it's from you having a hangover or intoxication isn't clear.

After the January 21 meeting, the situation improved for a period of time. However, when Baker went on vacation in late February, the employees noticed Ferguson smelled of alcohol "pretty much on a daily basis." Baker terminated Ferguson on March 13.

## Denial of Unemployment Benefits

Ferguson filed a claim for unemployment benefits with the Washington State Employment Security Department (Department). The Department denied the claim because Baker fired Ferguson for misconduct. Ferguson appealed the decision to the Office of Administrative Hearings.

3

Several witnesses testified during the administrative hearing, including Ferguson, Baker, Chavez, Matheson, and attorney Daniel Laurence. Laurence was co-counsel on a case with the Baker Law Firm. Ferguson was the assigned paralegal. Laurence testified that he had contact with Ferguson about the case approximately five times. Laurence testified that on two occasions, he smelled the odor of alcohol on Ferguson from six or seven feet away.

The administrative law judge (ALJ) affirmed the denial of benefits for misconduct. The ALJ found that Ferguson smelled of alcohol at work nearly every day. The ALJ rejected his explanation that the employees were smelling his hairspray or nicotine as not credible.

Ferguson appealed the ALJ decision. A Department commissioner adopted the ALJ findings of fact and conclusions of law and explicitly found Ferguson's testimony not credible. We affirmed the decision of the commissioner. Ferguson, No. 75706-7-I, slip op. at 1.

Lawsuit against the Baker Law Firm and Laurence

On July 20, 2017, Ferguson filed a lawsuit against the Baker Law Firm, Gary Baker, Darcy Baker, Brenda Chavez, Kelly Matheson, and Richard Matheson (collectively, Baker Law Firm); and the Stritmatter, Kessler, Whalen, Koehler, Moore Kahler Law Firm, Daniel Laurence, and Anna Laurence (collectively, Laurence). Ferguson did not serve the summons or complaint on the Baker Law Firm or Laurence.

On September 15, Ferguson filed an amended complaint. Ferguson alleged (1) wrongful termination; (2) breach of implied contract; (3) criminal misconduct under RCW 50.36.030; (4) conspiracy to commit criminal misconduct under RCW 50.36.030; (5)

4

defamation of character, libel, and slander; (6) unlawful blacklisting; (7) negligent supervision and retention; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress.

Ferguson served the Baker Law Firm with the summons and complaint on September 18. Ferguson served Laurence on October 11.

The Baker Law Firm and Laurence did not file an answer to the complaint but instead, filed summary judgment motions to dismiss the lawsuit on October 10, 2017 and November 15, 2017.

Motions for Summary Judgment Dismissal of the Lawsuit

The Baker Law Firm filed the motion for summary judgment dismissal of the lawsuit on October 10, 2017 and noted the hearing for November 17.

The Baker Law Firm argued no evidence supported Ferguson's claim for "wrongful discharge," breach of express or implied contract, blacklisting, or negligent supervision. The Baker Law Firm asserted that as a matter of law, RCW 4.24.510 barred the claims of criminal misconduct under RCW 50.36.030, defamation, and intentional and negligent infliction of emotional distress. RCW 4.24.510 provides, in pertinent part:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency . . . regarding any matter reasonably of concern to that agency.

Gary Baker filed a declaration in support of the motion. His declaration attached four exhibits: exhibit A, the transcript of the Department administrative hearing; exhibit B, the January 21 memorandum he sent to Ferguson; exhibit C, the daily log prepared by Chavez; and exhibit D, the January 20, 2015 e-mail from Matheson to Baker.

Ferguson filed a response and a declaration in opposition to the motion for summary judgment. Ferguson argued that because the Baker Law Firm did not file an answer to his amended complaint, "the alleged facts and allegations in the Amended Complaint are admitted."

On November 6, Ferguson filed a CR 56(f) motion to continue the motion for summary judgment "until after discovery has been completed." The Baker Law Firm objected to a continuance, arguing Ferguson did not satisfy "the requirements for a continuance" under CR 56(f).

Ferguson also filed a CR 12(f) "Motion To Strike Portions of the Baker Defendants' Motion for Summary Judgment and Declaration of Gary L. Baker." Ferguson argued the court should strike the statements in the declaration and the attached exhibits. Ferguson argued Baker's statements, the Department hearing transcript, the January 21 memorandum, the log created by Chavez, and the January 20 e-mail from Matheson were inadmissible under the rules of evidence. Ferguson cited the provisions of the Washington Administrative Procedure Act, chapter 34.05 RCW, that allow the admission of hearsay evidence in an administrative hearing. Ferguson asserted, "Much of the testimony and evidence in the transcript partly forms the basis of Plaintiff's Amended Complaint for Damages." Ferguson argued the transcript was inadmissible hearsay because it was "created under relaxed rules of evidence for administrative hearings." Ferguson argued the transcript also included hearsay "which would likely violate ER 701 and 702." Ferguson challenged the "reliability, accuracy, relevance and admissibility" of the statements in the declaration and the other exhibits.

The Baker Law Firm argued the statements in the declaration and exhibits were admissible under the rules of evidence. The Baker Law Firm argued the sworn testimony at the Department administrative hearing was not hearsay but was based on personal knowledge of the witnesses "who describe their own observations."

On November 15, Laurence filed a motion for summary judgment dismissal of the lawsuit and noted the hearing for December 13. Laurence argued Ferguson could not establish the alleged claims for wrongful termination, breach of express or implied contract, and negligent supervision because Laurence was not Ferguson's employer. Laurence argued RCW 50.36.030 "does not create a private cause of action or remedy" for criminal misconduct. Laurence asserted the statute of limitations barred the defamation claim, and statements made during testimony at the administrative hearing were "absolutely privileged" under RCW 4.24.510.

The Baker Law Firm renoted its summary judgment motion to be heard on the same day as the Laurence motion for summary judgment, December 13.

Ferguson filed a CR 56(f) motion to continue Laurence's motion for summary judgment. In opposition, Laurence argued Ferguson did not meet the requirements for a continuance. Ferguson did not file a response to Laurence's summary judgment motion.

The court scheduled the hearing on the motions for summary judgment for December 22, 2017. On December 22, the court heard argument on the CR 56(f) motion to continue, the motion to strike the Baker declaration and exhibits, and the motions for summary judgment. The court reserved ruling on the motions.



On January 9, 2018, the court entered a 10-page order denying the motion to continue, granting in part and denying in part the motion to strike, and granting the motions for summary judgment dismissal of the lawsuit. The court ruled Ferguson did not show he was entitled to a continuance under CR 56(f). The court did not strike the transcript of the administrative proceeding but ruled it "will not consider any inadmissible hearsay contained therein." The court ruled the witnesses at the administrative hearing testified to "information within the personal knowledge of the declarant." The court also ruled that many of the statements Ferguson objects to "are not actually offered to prove the truth of the matter asserted." The court denied the motion to strike the declaration of Baker and exhibits B, C, and D. The court ruled that the exhibits were "admissible for a limited purpose," including notice and state of mind. The court ruled the defendants were immune from claims based on testimony and evidence at the administrative hearing and Ferguson did not present admissible evidence to create a material issue of fact.

Motion for Attorney Fees

The Baker Law Firm filed a motion for attorney fees and costs under RCW 4.24.510, RCW 4.84.185, and CR 11. Laurence filed a motion for an award of attorney fees and costs under RCW 4.24.510. Ferguson did not file a response.

The court awarded the Baker Law Firm $41,253 and Laurence $15,377 in attorney fees and costs. The court denied Ferguson's motion for reconsideration.

Appeal

Ferguson appeals (1) denial of the CR 56(f) motion to continue the summary judgment hearing; (2) the decision to hear argument on the motion to continue, the



motion to strike, and the motions for summary judgment; (3) summary judgment dismissal of his lawsuit; and (4) the award of attorney fees and costs.[1]

### (1) Motion To Continue

Ferguson contends the court abused its discretion by denying his CR 56(f) motion to continue the summary judgment hearing to conduct discovery. We review a trial court's ruling on a CR 56(f) motion for abuse of discretion. Bavand v. OneWest Bank, FSB, 196 Wn. App. 813, 822, 385 P.3d 233 (2016).

CR 56(f) states a party seeking a continuance of a summary judgment motion must show the party "cannot present by affidavit facts essential to justify the party's opposition."

> "The trial court may deny a motion for a continuance when (1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact."

Perez-Crisantos v. State Farm Fire & Cas. Co., 187 Wn.2d 669, 686, 389 P.3d 476 (2017) (quoting Butler v. Joy, 116 Wn. App. 291, 299, 65 P.3d 671 (2003)).

The court ruled Ferguson "has not made a sufficient showing that a continuance is warranted." The court found that "some of the discovery Plaintiff seeks is reasonably within his personal knowledge or is available to him." The court found Ferguson did not either "clearly articulate or identify what evidence he would seek in discovery, or how any evidence sought would create a genuine dispute of material fact as to his claims." Because the record supports the findings, we conclude the court did not abuse its discretion by denying the CR 56(f) motion to continue.

---

[1] Ferguson does not challenge the merits of the decision on the motion to strike.

## (2) Decision on Motion To Continue and Motion To Strike

Ferguson contends the court erred by not ruling on his CR 56(f) motion to continue and the CR 12(f) motion to strike before hearing the motions for summary judgment.

The court denied Ferguson's request to decide the CR 56(f) motion to continue and the motion to strike before hearing argument on the motions for summary judgment. The court heard argument and expressly reserved ruling on the motions. On January 9, 2018, the court entered an order denying the CR 56(f) motion to continue, granting in part and denying in part the motion to strike, and granting the summary judgment motions to dismiss the lawsuit.

Without citation to authority, Ferguson contends the court abused its discretion by not ruling on the motion to continue and the motion to strike before hearing argument on the motions for summary judgment. We disagree.

A trial judge has wide discretion to manage and conduct court proceedings. State v. Johnson, 77 Wn.2d 423, 426, 462 P.2d 933 (1969); see Hickok-Knight v. Wal-Mart Stores, Inc., 170 Wn. App. 279, 309 n.11, 284 P.3d 749 (2012); see also ER 611(a) (the court shall exercise reasonable control over the mode and order of evidence). RCW 2.28.010(3) states, "Every court of justice has power . . . [t]o provide for the orderly conduct of proceedings before it or its officers." The court did not abuse its discretion by hearing the pending motion to continue, the motion to strike, and the motions for summary judgment. The record establishes that after the hearing, the court reserved ruling on the motions and entered an order on the motion on January 9, 2018.



### (3) Summary Judgment Dismissal of the Lawsuit against the Baker Law Firm and Laurence

Ferguson contends the court erred by granting summary judgment dismissal of the lawsuit against the Baker Law Firm and Laurence.

We review a trial court decision on summary judgment de novo. Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 270, 208 P.3d 1092 (2009). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). This court engages in the same inquiry as the trial court, viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party. Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). The defendant on summary judgment has the burden of showing the absence of evidence to support the plaintiff's case. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If the moving party meets this burden, the burden shifts to the nonmoving party to make a showing sufficient to establish the existence of a material issue of fact. Young, 112 Wn.2d at 225. If the nonmoving party " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' " summary judgment is proper. Young, 112 Wn.2d at 225 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)); Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300-01, 45 P.3d 1068 (2002). While we construe the evidence and reasonable inferences in the light most favorable to the nonmoving party, "mere allegations, denials, opinions, or conclusory statements" do not



establish a genuine issue of material fact. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004).

Ferguson contends the court erred by concluding the Baker Law Firm and Laurence were immune under RCW 4.24.510 based on the testimony they gave at the Department administrative hearing. We review the meaning of a statute de novo. Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017).

When interpreting a statute, our fundamental objective is to ascertain, carry out, and give effect to legislative intent. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002); Chadwick Farms Owners Ass'n v. FHC, LLC, 166 Wn.2d 178, 186, 207 P.3d 1251 (2009). Statutory interpretation begins with the plain meaning of the statute. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). If the plain language of the statute is subject to only one interpretation, our inquiry is at an end. Lake, 169 Wn.2d at 526.

The plain language of RCW 4.24.510 states that a person who communicates information to an agency about any matter of reasonable concern to that agency is immune from civil liability for claims based on the communication to the agency. RCW 4.24.510 provides:

> A person who communicates a complaint or information to any branch or agency of federal, state, or local government, or to any self-regulatory organization that regulates persons involved in the securities or futures business and that has been delegated authority by a federal, state, or local government agency and is subject to oversight by the delegating agency, is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is entitled to recover expenses and reasonable attorneys' fees incurred in establishing the

defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.[2]

The undisputed record establishes the testimony at the administrative hearing of the Baker Law Firm employees and Laurence was critical to determining whether the state should award unemployment benefits. The court did not err in dismissing the claims related to the defendants' testimony at the administrative hearing under RCW 4.24.510.

Ferguson cites <u>Davis v. Cox</u>, 183 Wn.2d 269, 351 P.3d 862 (2015), <u>abrogated on other grounds by Maytown Sand & Gravel, LLC v. Thurston County</u>, 191 Wn.2d 392, 423 P.3d 223 (2018), to argue RCW 4.24.510 is unconstitutional. <u>Davis</u> is inapposite.

In <u>Davis</u>, the Washington Supreme Court held RCW 4.24.525(4)(b)[3] of the Washington Act Limiting Strategic Lawsuits Against Public Participation (anti-SLAPP) violated the constitutional right to trial by jury because it "require[d] the trial judge to weigh the evidence and dismiss a claim unless it makes a factual finding that the plaintiff has established by clear and convincing evidence a probability of prevailing at trial." <u>Davis</u>, 183 Wn.2d at 293-94, 288. The court concluded RCW 4.24.525(4)(b) "[c]annot [b]e [s]evered" and invalidated the statute. <u>Davis</u>, 183 Wn.2d at 294-95.[4] Unlike RCW 4.24.525(4)(b), RCW 4.24.510 does not require the trial judge to weigh evidence or deprive a plaintiff of the constitutional right to a jury trial.

---

[2] Emphasis added.

[3] RCW 4.24.525(4)(b) states:

A moving party bringing a special motion to strike a claim under this subsection has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition. If the moving party meets this burden, the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim. If the responding party meets this burden, the court shall deny the motion.

[4] Emphasis omitted.



Ferguson also contends the Baker Law Firm and Laurence are not immune from liability for "any information they provided to the Department in violation of RCW 50.36.030." Under RCW 50.36.030, it is a misdemeanor for an employer to give the Department a different reason for termination than it gives to the employee when the Department is deciding whether to grant unemployment benefits. The uncontroverted record shows the witnesses did not give a different reason for termination and did not violate RCW 50.36.030. We conclude the trial court did not err by concluding the Baker Law Firm and Laurence were immune from civil liability under RCW 4.24.510.

Ferguson also contends material issues of fact preclude summary judgment dismissal of his claims against the Baker Law Firm. Ferguson's declaration in opposition to the motion for summary judgment states, in pertinent part:

1. I am the Plaintiff in the matter, am over the age of 18, have personal knowledge regarding the matters herein, and am competent to testify regarding same.

2. I believe that I was terminated from the Baker Law Firm for reasons which violate public policy. I believe that it may be related to religion, age (currently age 57), or gender, or all three. I believe that discovery, in the form of interrogatories, requests for production, requests for admission of fact, and depositions of defendants, will be necessary to determine the exact reason for my termination. No discovery had been completed at the time Defendants filed their Motion for Summary Judgment.

3. Shortly after starting work at the Baker Law Firm, I asked Defendants Matheson and Chavez about the prior paralegals who worked on the files that had been assigned to me. Defendants Matheson and Chavez talked about an older male paralegal named "Rob." They made derogatory comments about him, that seemed exaggerated, and untrue, based on what I had seen from his work on the files assigned to me. Based on their comments, I got the impression that they did not like him due to his age and gender. I didn't know Rob, but I felt bad about the derogatory manner in which they talked about him.

4. Plaintiff believes claims 3 [for criminal misconduct (RCW 50.36.030) resulting in harm] and 4 [for conspiracy to engage in criminal misconduct resulting in harm] could be consolidated with claim 2 for breach of contract, or breach of implied contract.

14



The "facts" required by CR 56(e) to defeat a summary judgment motion are evidentiary in nature. Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 359, 753 P.2d 517 (1988), abrogated on other grounds by Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas County, 189 Wn.2d 516, 404 P.3d 464 (2017). Ferguson's declaration contains conclusory statements and is without adequate factual support. See CR 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of a pleading, but a response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). A "fact" is "what took place, an act, an incident, a reality as distinguished from supposition or opinion." Grimwood, 110 Wn.2d at 359.

Because Ferguson did not present any evidence to support his claims against the Baker Law Firm, the court did not err in granting the motion for summary judgment and dismissing the lawsuit. Because the undisputed record establishes Ferguson did not file a response to the motion for summary judgment, the court did not err by granting summary judgment dismissal of the claims against Laurence.

<u>(4) Award of Attorney Fees</u>

Ferguson challenges the award of attorney fees.

The court awarded Laurence $5,377 in reasonable attorney fees and costs related solely to "the claims [that] were based on testimony Mr. Laurence provided to the Employment Security Office" and $10,000 in statutory attorney fees under RCW 4.24.510.

The Baker Law Firm requested fees under RCW 4.24.510, RCW 4.84.185, and CR 11.

The court reduced the fees requested by 40 percent and found:

> The Defendants' attorneys billed separately and did not keep track of time spent by issue. Further, much of time spent communicating with clients, corresponding with Plaintiff, and engaging in other tasks, could not reasonably be segregated. Thus, there is no reasonable way for the Court to segregate actual hours spent by claim or issue. Thus, the Court will discount the awardable attorney's fees by 40%, finding that approximately 30% of the attorneys' fees were spent responding to claims for which Defendants had immunity and are entitled to attorney's fees under RCW 4.24.510 and approximately 30% of the attorney's fees were spend [sic] responding to claims which the Court finds subject to sanction under CR 11.

The court awarded the Baker Law Firm $41,253 and in attorney fees and costs.

Ferguson does not challenge the award of fees under CR 11 or RCW 4.84.185. Ferguson contends the court erred by awarding the statutory attorney fees under RCW 4.24.510 on the grounds that the statute is unconstitutional under Davis. Because the statute is not unconstitutional, we conclude the court did not err by awarding attorney fees under RCW 4.24.510.

Attorney Fees on Appeal

The Baker Law Firm and Laurence request an award of attorney fees and costs on appeal under RAP 18.1. But neither the Baker Law Firm nor Laurence devote a separate section of their brief to the request for attorney fees as required by RAP 18.1(b). RAP 18.1(b) is mandatory. Argument and citation to authority are necessary under the rule in order to address the grounds for an award of attorney fees and costs. RAP 18.1; Wilson Court Ltd. P'ship v. Tony Maroni's, Inc., 134 Wn.2d 692, 710 n.4, 952

P.2d 590 (1998). We deny the request of the Baker Law Firm and Laurence for attorney fees on appeal.

We affirm denial of the CR 56(f) motion to continue the summary judgment hearings, the decision to grant in part and deny in part the motion to strike, summary judgment dismissal of the lawsuit, and the award of attorney fees and costs but deny the request for attorney fees on appeal.

WE CONCUR: